UNITED STATES of America,
Plaintiff–Appellee,

v.

Victor NOTRANGELO,
Defendant–Appellant.

No. 89–10221.

United States Court of Appeals,
Ninth Circuit.

Submitted June 5, 1990 *.

Decided July 18, 1990.

As Amended on Denial of Rehearing
Oct. 25, 1990.

---

Samuel P. King, Jr., King & King, Honolulu, Hawaii, for defendant-appellant.

Craig Nakamura, Asst. U.S. Atty., Honolulu, Hawaii, for plaintiff-appellee.

Before GOODWIN, Chief Judge, and CANBY and RYMER, Circuit Judges.

RYMER, Circuit Judge:

Notrangelo appeals a Guidelines sentence on his plea of guilty to being an accessory after the fact to theft. He contends: 1) that he was denied due process when the district court found that upward adjustments for obstruction of justice and more than minimal planning were warranted based on information the presentence report derived from testimony of an eyewitness and an informant in the trial of a co-defendant, and 2) that the court erroneously departed upward on the ground that Notrangelo's criminal history category did not adequately reflect the seriousness of his past criminal conduct. We affirm the

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

upward adjustments, but reverse and remand for resentencing because the judge made no finding that prior sentences outside the applicable period were evidence of misconduct similar to the offense of conviction.

I

Notrangelo was indicted, along with co-defendants Kaleiwahea and Deguair, for theft and damage to property. The charges arose from an automobile break-in at Volcanos National Park in Hawaii. The court granted Notrangelo's motion for severance.[1]

Notrangelo subsequently agreed to plead guilty to being an accessory after the fact. He admitted that when he discovered that Deguair had stolen something, he told him to run from the park rangers. He denied that he had anything to do with the theft.

In the presentence report, the probation officer calculated Notrangelo's sentence as follows: (1) base level 5; (2) plus 2 for obstruction of justice; (3) plus 2 for planning; (4) criminal history category III.[2] The resulting sentencing range was eight to fourteen months. The report also recommended that the court consider an upward departure based on Notrangelo's prior criminal activity. Notrangelo had thirty-five adult convictions; only seven of these counted in determining his criminal history category under United States Sentencing Commission, *Guidelines Manual,* § 4A1.2.[3]

Notrangelo objected to both the two-point upward adjustments, and the recommendation for upward departure. He also argued for a two-point downward adjustment based on his acceptance of responsibility.

At the sentencing hearing, the U.S. Attorney pointed to evidence presented at the co-defendants' trial to justify the two-point upward adjustments. The same evidence was summarized in the presentence report. The court accepted the probation officer's recommendations with respect to the adjustments for acceptance of responsibility and planning and calculated the offense level accordingly. In addition, the court found that criminal history category VI more accurately reflected Notrangelo's prior criminal activity. It therefore departed upward. With a criminal history category VI, the applicable range was 21 to 27 months, rather than 8 to 14 months. The court sentenced Notrangelo to 24 months.

II

Notrangelo claims the district court erred in relying on evidence presented at his co-defendants' trial at the sentencing hearing. We review the district court's factual findings for clear error. *United States v. Burns,* 894 F.2d 334, 336 (9th Cir.1990) (citing *United States v. Wills,* 881 F.2d 823, 825 (9th Cir.1989)).

The Guidelines provide: "In determining the relevant facts, sentencing judges are not restricted to information that would be

1. In an affidavit filed under seal, Notrangelo argued that the parties would be presenting conflicting defenses. He and Deguair each claimed the other was solely responsible for the theft.

2. The probation officer applied United States Sentencing Commission, *Guidelines Manual,* § 4A1.1(c) (Nov.1989), and considered seven of Notrangelo's prior convictions (the presentence report lists eight, but one of these was consolidated with another case and was thus not counted under U.S.S.G. § 4A1.2(a)(2)). Each of the convictions receives 1 point under U.S.S.G. § 4A1.1(c), but the maximum score under that section is 4 points. The probation officer then added 2 points because Notrangelo was under a prior sentence when he committed this offense. *See* U.S.S.G. § 4A1.1(d). With the resulting 6–point score, the applicable criminal history category was III.

3. The probation officer excluded Notrangelo's other twenty-eight prior convictions from the calculation, as these either occurred outside the time period specified in the Guidelines or were misdemeanor offenses specifically excluded from consideration. Notrangelo had been convicted of: drinking in public (five convictions); criminal contempt of court (five convictions); criminal trespass (one conviction); driving under the influence (two convictions); theft (three convictions); being drunk in public (five convictions); uttering counterfeit obligations of the U.S. (two felony convictions); escape (one felony conviction); burglary (three felony convictions); and malicious conversion (one felony conviction).

admissible at trial. Any information may be considered, so long as it has 'sufficient indicia of reliability to support its probable accuracy.'" U.S.S.G. § 6A1.3, comment. (citations omitted). *See also United States v. Columbus,* 881 F.2d 785, 787 (9th Cir. 1989) (citations omitted) (In sentencing a defendant, "[a] district court may generally consider a wide variety of information so long as that sentence is not based on misinformation of constitutional magnitude. Violations of a defendant's due process rights occur when a court relies on materially false or unreliable information in sentencing."); *United States v. Petitto,* 767 F.2d 607, 611 (9th Cir.1985).

Notrangelo does not claim that the evidence at the first trial was false or unreliable. His primary argument is that the court's reliance on the testimony of witnesses Notrangelo was not permitted to cross-examine or confront denied him due process.

The facts contained in the testimony to which Notrangelo objects were included in the presentence report. At the co-defendants' trials, the victims testified under oath that they saw Deguair and Notrangelo together by the car. Brian Carpenter, who was an inmate in the same facility in which Deguair and Notrangelo were held prior to trial, testified under oath that Notrangelo attempted to induce co-defendant Deguair to "take the rap alone."

The presentence report put Notrangelo on notice that these facts, supported by the sworn testimony of witnesses, were before the court. The court provided Notrangelo with the opportunity to object to those facts and present supporting evidence in his own behalf at the sentencing hearing. In a sworn affidavit, Notrangelo contended that Deguair broke in alone while Notrangelo was standing thirty yards away, ran back to his car, left the screwdriver on the back seat,[4] then went back to get Notrangelo, and then went back to the car.

The court found:

[D]efendant did obstruct justice in inducing the co-defendant Deguair to take the rap alone; in his affidavit to the Court, which was inconsistent with the evidence and in which he denied any wrongdoing; in his testimony as to his role in the robbery or theft as to where he was with respect to the car.

Similarly determining that the two-point upward adjustment for more than minimal planning was appropriate, the court considered the roles of each of the co-defendants and found that "Mr. Kaleiwahea was in the automobile with the engine running near the exit to the parking lot, Mr. Notrangelo had a screwdriver and apparently jammed open the door and Mr. Deguair was a look out." Information in the presentence report was based on sworn testimony in open court. The Guidelines contemplate that the sentencing court may consider "relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a) & comment. (quoting *United States v. Marshall,* 519 F.Supp. 751 (E.D.Wis.1981), *aff'd,* 719 F.2d 887 (7th Cir.1983)). No reason appears why the trial testimony that supplied the basis for the facts in the presentence report considered in this case lacks indicia of reliability. *Cf. United States v. Michael,* 894 F.2d 1457, 1459–60 (5th Cir.1990) (the sentencing court may not rely on information when it "in no way identifies either the source or nature of the 'information' upon which it relies" because the reviewing court has "no way of evaluating whether that information had 'sufficient indicia of reliability.'"). Though the witnesses' testimony may not have been subject to challenge by Notrangelo at the time it was given, Notrangelo had the opportunity to object to the facts as set out in the presentence report. *Cf. United States v. Landry,* 903 F.2d 334, 340 (5th Cir.1990) (when the district court intends to rely on matters outside the sentence report, the defendant

---

**4.** A screwdriver was used to break into the victims' car. The police found the screwdriver in the back seat of defendants' car, where Notrangelo was sitting. Notrangelo's story was apparently offered to explain the presence of the screwdriver.

must have an opportunity to address the court on the issue); *United States v. Rodriguez,* 897 F.2d 1324, 1328 (5th Cir.1990) (defendant had sufficient opportunity to object to the presentence report and supporting evidence in the sentencing hearing).

The Supreme Court's rulings in pre-Guidelines cases are consistent with the Guidelines' commentary and the district court's approach in this case. *See Williams v. New York,* 337 U.S. 241, 250–51, 69 S.Ct. 1079, 1084–85, 93 L.Ed. 1337 (1949); *see also United States v. Carmona,* 873 F.2d 569, 574 (2d Cir.1989). The procedural safeguards and evidentiary limitations afforded defendants in criminal trials are not required at sentencings. *Williams,* 337 U.S. at 251, 69 S.Ct. at 1085. Thus, we find that the sentencing court's factual findings were not clearly erroneous, and Notrangelo's due process rights were not violated.

### III

■ *United States v. Lira–Barraza,* 897 F.2d 981, 983 (9th Cir.1990), establishes a five-step process for appellate review of upward departures from the Sentencing Guidelines:

(1) whether the district judge adequately identified the "aggravating or mitigating circumstance" ...;

(2) whether the identified circumstance actually existed;

(3) whether the circumstance was adequately taken into consideration by the Sentencing Commission;

(4) if not, whether the circumstance should result in departure; and,

(5) whether the extent or degree of departure was unreasonable.

*Id.*

*Step One:* The district court identified the aggravating circumstances by specifically referring to Notrangelo's thirty-five adult criminal convictions.

*Step Two:* Notrangelo challenged the government's failure to offer into evidence actual certified copies of the judgments against him. However, the probation officer represented that she had some of the relevant documents in her possession, and viewed the others either on microfilm or in files of the Honolulu Probation Counseling Services and the Adult Probation Service, and Notrangelo's counsel accepted her proffer.

*Step Three:* The convictions justifying enhancement were not adequately taken into consideration by the Sentencing Commission. The district court correctly determined that the convictions which could not be used in calculating the criminal history category could be considered independently as a basis for upward departure, as the calculation under the Guidelines did not adequately take into account Notrangelo's prior criminal record. *See United States v. Richison,* 901 F.2d 778, 780–81 (9th Cir. 1990) (citing United States Sentencing Commission, *Guidelines Manual,* § 4A1.3, p.s.; 18 U.S.C.A. § 3553(b) (West Supp.1989); *Lira–Barraza,* 897 F.2d at 984; *United States v. Nuno–Para,* 877 F.2d 1409, 1413 (9th Cir.1989)).

Of Notrangelo's thirty-five adult convictions, only seven were considered in calculating the appropriate criminal history category under U.S.S.G. § 4A1.1.[5] Six of the convictions not considered were for similar offenses, burglary and theft. Seven of the convictions not considered were felonies.

*Step Four:* Upward departure is appropriate when "reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct." U.S.S.G. § 4A1.3, p.s. The "reliable information" may include "prior sentence(s) not used in computing the criminal history category." *Id.*

However, U.S.S.G. 4A1.2, comment. (n. 8) states, "If the government is able to show that a sentence imposed outside this time period is evidence of similar misconduct or the defendant's receipt of a substantial portion of income from criminal livelihood, the court may consider this information in determining whether to depart and sentence above the applicable guidelines range." *See also United States v. Jackson,* 903

---

**5.** In stating that only four of these convictions were considered, the sentencing court was referring to the maximum of four points that can be assessed under U.S.S.G. § 4A1.1(c).

F.2d 1313, 1320, n. 7 (10th Cir.1990). The sentencing court made no findings with respect to whether prior offenses which were not considered because of remoteness in time warrant upward departure under this provision. Instead it noted that "[o]nly four of his 35 convictions were taken into account in the calculation of his criminal history score" and considered "all of the subjects [sic] convictions" in finding that a criminal history category of VI more accurately reflected Notrangelo's criminal history.

Although it was proper for the sentencing court to look to Notrangelo's prior sentences as "reliable information" indicating that the criminal history category did not reflect the seriousness of his past conduct, it should not have automatically taken all of the prior convictions into account without considering their similarity to the charged offense or their impact on the defendant's livelihood. On remand, the court should examine Notrangelo's prior offenses for this purpose. It may very well be, given the extent of Notrangelo's prior record and his numerous convictions for theft, uttering counterfeit obligations, burglary, and malicious conversion, that the sentencing court will reach the same conclusion and assign the same criminal history category. Nevertheless, the court erred in failing to make these determinations and we must therefore remand.

*Step Five:* Given our analysis of step four, we need not reach the issue of whether the sentencing court adequately stated "what it is about [the defendant's] criminal record that makes him suitable for placement in one category rather than another" and his reason for placing Notrangelo in criminal history category six. We expect that on remand, the court will fully explain the reasons for concluding that the extent of the upward departure is appropriate.

AFFIRMED IN PART, REVERSED AND REMANDED IN PART.