976 F.2d 728
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Joseph Anthony MCVAY, Defendant-Appellant.
 No. 91-5842.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: July 29, 1992
Decided: Sept. 16, 1992
 
 Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap. Samuel G. Wilson, District Judge. (CR-90-60-B)
 John K. Zwerling, Moffit, Zwerling & Kemler, P.C., Alexandria, Virginia; Guy W. Turner, Coral Gables, Florida, for Appellant.
 E. Montgomery Tucker, United States Attorney, Julie M. Campbell, Assistant United States Attorney, Abingdon, Virginia, for Appellee.
 W.D. Va.
 AFFIRMED.
 Before SPROUSE, WILKINSON, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Joseph McVay pled guilty to conspiring to distribute cocaine in western Virginia in 1987 and 1988 (21 U.S.C. § 846 (1988)). He seeks to appeal his sentence, alleging that the district court erred in finding that he was a leader or organizer. We find that we have jurisdiction and affirm the sentence.
 
 
 2
 McVay was not informed when sentence was imposed on December 3, 1990, of his right to appeal his sentence or of the time limitations for an appeal. On January 11, 1991, he placed a letter in the prison mail addressed to the district court in which he stated that his attorney had informed him that he could not appeal after a guilty plea, but that he had since discovered he could appeal his sentence. McVay expressed his wish to appeal his sentence. A document filed by an indigent and incarcerated prisoner can be a valid notice of appeal under Fed. R. App. P. 3 if it (1) notifies the court that an appeal is being taken and (2) notifies the party-opposite. Smith v. Barry, 60 U.S.L.W. 4065 (U.S. 1992); Coppedge v. United States, 369 U.S. 438, 442 n.5 (1962). McVay's letter fulfills these requirements.
 
 
 3
 Rule 4(b) of the Federal Rules of Appellate Procedure requires a notice of appeal to be filed within ten days of judgment. The district court may extend the time for filing a notice of appeal for thirty days upon a showing of excusable neglect with or without a motion for extension of time. The district court may not otherwise extend the time for filing a notice of appeal. See United States v. Reyes, 759 F.2d 351 (4th Cir.), cert. denied, 474 U.S. 857 (1985); United States v. Schuchardt, 685 F.2d 901 (4th Cir. 1982). A pro se prisoner's notice of appeal is filed at the moment of delivery to prison authorities for forwarding to the district court. Houston v. Lack, 487 U.S. 266 (1988). McVay's letter was mailed, and thus filed, within the thirtyday extension period and was therefore timely.
 
 
 4
 McVay, a Florida resident, was the source of cocaine for the conspiracy. Six co-conspirators pled guilty; two others, Rhonda Peters and Michael Cooper, went to trial and were acquitted. The probation officer recommended the leader/organizer adjustment because McVay was the supplier and controlled the flow of cocaine.
 
 
 5
 McVay did not contest this recommendation in his written objections to the presentence report. His only challenge to it came during his testimony at the sentencing hearing when, in response to a question from his attorney, he said that he did not feel he was a leader or organizer of the conspiracy. He maintained that he sold only to his friend, Gary Britt, and knew only Tim Duncan of the others in the conspiracy. On cross-examination, however, he admitted selling cocaine to Mark Bates, another conspirator. Defense counsel then argued that the information in the presentence report did not establish that he was a leader or organizer. The government did not argue for the adjustment or present evidence, but the district court, relying on evidence presented at the Peters/Cooper trial, found that McVay was a leader.
 
 
 6
 McVay first contends that the district court improperly relied on evidence from the Peters/Cooper trial in finding that he was an organizer or leader in the offense because he was not present at the trial and was thus unfairly surprised by the district court's reliance on the testimony given there, and deprived of an opportunity to prepare a defense against it. He relies on United States v. Berzon, 941 F.2d 8 (1st Cir. 1991), in which the appellate court vacated a sentence where the district court found the defendant a leader based on testimony by the case agent at a co-defendant's sentencing hearing. The agent's testimony provided information about Berzon's role in the offense which was not contained in the presentence report or anywhere else in the record available to Berzon at the time of his own sentencing.
 
 
 7
 Unlike Berzon, McVay had access to all pertinent information at his sentencing. He had originally gone to trial with Peters and Cooper, and entered his guilty plea after hearing opening argument, reviewing the government's evidence during a recess, and securing an agreement that the government would not seek an enhanced penalty if he pled guilty. Our review of the trial testimony discloses that McVay was known by Britt's friends in Virginia to be the source of the cocaine Britt supplied to them for use and distribution; this information was all contained in the presentence report. In fact, the district court did not need to refer to trial testimony to establish the reliability of the information in the presentence report because the description of the offense in the presentence report was simply a verbatim repetition of the overt acts alleged in the conspiracy count of the indictment to which McVay had pled guilty. Therefore, it does not appear that the district court relied on anything about which McVay lacked notice. See United States v. Notrangelo, 909 F.2d 363 (9th Cir. 1990) (sentencing court relied on evidence in a related trial but same facts in defendant's presentence report); United States v. Romano, 825 F.2d 725 (2d Cir. 1987) (same).
 
 
 8
 McVay also argues that the district court was required by guideline section 6A1.3(b) to notify the parties of its tentative findings on disputed issues and provide an opportunity for oral or written objections before imposing sentence. However, this is a step the sentencing court may take "where appropriate." U.S.S.G. § 6A1.3, comment. McVay did not contest the probation officer's assessment of his role in the offense until the sentencing hearing, but had an opportunity there to provide evidence and argument on the issue and availed himself of it. Nothing more was required.
 
 
 9
 Finally, McVay challenges the court's finding on his role as not supported by sufficient evidence. We review the court's factual finding that McVay was a leader for clear error. United States v. Sheffer, 896 F.2d 842 (4th Cir.), cert. denied, 59 U.S.L.W. 3246 and 59 U.S.L.W. 3362 (U.S. 1990). Although, on the record before this Court, it does not appear that McVay exercised authority over other participants, recruited accomplices, or took a larger share of profits, his agreement in 1987 to provide a regular supply of cocaine to Britt was the beginning of the conspiracy. Application note 3 to guideline section 3B1.1 lists planning and organizing the offense, and the nature of participation in the offense as factors to be considered in determining whether the defendant is a leader. The commentary to section 3B1.1 also states that the offense level should increase according to the degree the defendant is responsible for committing the offense. During 1987 and 1988, McVay provided the cocaine as promised;* with his knowledge, it was distributed to the other conspirators. His contribution was crucial to the operation because he remained the single identified source of cocaine over the life of the conspiracy and he bears a high degree of responsibility for its commission. On these facts, we cannot say that the district court's finding that he was a leader is clearly erroneous.
 
 
 10
 The judgment of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 McVay was arrested by state authorities and jailed briefly in February 1988. Between February and July 1988, he was on supervised release and was required to report once a week and have occasional drug screening. Contrary to McVay's assertions, these restraints would not have prevented him from participating in the conspiracy during this period