12 F.3d 1109
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eddie Howard GASTON, Jr., Defendant-Appellant.
 No. 93-10233.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Decided Nov. 30, 1993.
 
 Before: SCHROEDER, D.W. NELSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eddie Howard Gaston, Jr., appeals his thirty-month sentence imposed following entry of a guilty plea to three counts of theft of government property in violation of 18 U.S.C. Sec. 641. Gaston contends that the district court clearly erred by making an upward adjustment in his offense level for (1) more than minimal planning and (2) value of loss. We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm.
 
 
 3
 * More Than Minimal Planning
 
 
 4
 Gaston contends that the district court clearly erred by finding that the offenses involved more than minimal planning. This contention lacks merit.
 
 
 5
 We review for clear error the sentencing court's factual findings. United States v. Notrangelo, 909 F.2d 363, 364 (9th Cir.1990). The Sentencing Guidelines provide for a two-level upward adjustment if the offense involved more than minimal planning. U.S.S.G. Sec. 2B1.1(b)(5). The guidelines define more than minimal planning as "more planning than is typical for commission of the offense in a simple form." Id. Sec. 1B1.1, comment. (n. 1(f)). " 'More than minimal planning' is deemed present in any case involving repeated acts over a period of time, unless it is clear that each instance was purely opportune." Id.
 
 
 6
 Here, Gaston entered the National Forest Engineering Compound by squeezing through two locked gates. He attempted to start an unlocked vehicle by jamming a screwdriver into the ignition switch. When unsuccessful, Gaston found the key in the back of the truck, but the key would not work because he had damaged the ignition switch. Gaston left the compound, but returned the next evening, found a set a keys inside an unlocked vehicle, cut a section of the chained link fence, and took the vehicle. One month later, Gaston returned to the compound, broke a window to the maintenance office, and took several keys. Using the keys he had taken, Gaston left the compound in a vehicle.
 
 
 7
 Because Gaston returned to the compound two times after his first entry, the district court did not clearly err by finding the offenses involved repeated acts over a period of time. See id. In addition, because Gaston entered a gated compound, used a screwdriver in an attempt to start a vehicle, and broke a window to enter the office in which car keys were kept, Gaston used more than minimal planning to commit the offenses. See Notrangelo, 909 F.2d at 365 (more than minimal planning present in automobile theft when defendant found in a running automobile with a screwdriver that had been used to open the door). Accordingly, the district court did not clearly err by finding that the offenses involved more than minimal planning.
 
 II
 Value of Loss
 
 8
 Gaston also contends that the district court clearly erred by accepting arbitrarily the case agent's value of loss. This contention lacks merit.
 
 
 9
 We review for clear error the district court's factual findings of the value of loss. United States v. Pemberton, 904 F.2d 515, 516 (9th Cir.1990). The Guidelines provide for a six-level upward adjustment if the loss exceeded $20,000. U.S.S.G. Sec. 2B1.1(b)(1)(G). "Ordinarily, when property is taken or destroyed the loss is the fair market value of the particular property." Id. Sec. 2B1.1, comment. (n. 2). "The loss need not be determined with precision, and may be inferred from any reasonably reliable information." Id. Sec. 2B1.1, comment. (n. 3); United States v. Mullins, 992 F.2d 1472, 1479 (9th Cir.), cert. denied, 113 S.Ct. 2997 (1993), and petition for cert. filed, --- U.S.L.W. ---- (U.S. July 6, 1993) (No. 93-5096), and petition for leave to proceed in forma pauperis denied, 114 S.Ct. 53 (1993). Factual determinations must be proven by a preponderance of the evidence. United States v. Restrepo, 946 F.2d 654, 661 (9th Cir.1991) (en banc), cert. denied, 112 S.Ct. 1564 (1992).
 
 
 10
 Here, the presentence report listed the value of loss at approximately $22,800. Gaston objected and argued, based on information from merchants, that the value of loss ranged from $18,514.95 to $24,205. At the district court's request, the case agent, who was a Special Agent for the United States Forest Service, filed a declaration which listed the value at $22,048, based on the purchase price, age, and condition of the items. Gaston challenged the agent's conclusion that the 1988 Dodge was worth $8,300 and suggested that $6,900 was more accurate. Noting that the agent was in a "better position to know the value of these particular items than the persons that [Gaston's] investigator has consulted," the district court accepted the agent's declaration as the "best, most persuasive evidence" of value.
 
 
 11
 The agent's estimates provided reasonably reliable proof of the specific items' fair market value. See Pemberton, 904 F.2d at 517. In these circumstances, the district court's loss calculation was not clearly erroneous. See Mullins, 992 F.2d at 1479. Further, because the district court considered the evidence submitted by both parties but found the government's evidence more reliable, the district court used at least a preponderance of evidence standard. See United States v. Wilson, 900 F.2d 1350, 1354-55 (9th Cir.1990) (although district court did not articulate burden of proof, it used at least a preponderance of the evidence standard to determine value of loss because court weighed the reliable, available evidence).
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3