42 F.3d 1404
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Evadelia SUSTAITA, Defendant-Appellant.
 No. 94-10062.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 16, 1994.*
Decided Nov. 21, 1994.
 
 Before: GOODWIN, NORRIS and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Evadelia Sustaita was convicted in a jury trial on three counts of a five-count indictment for conspiracy to distribute a controlled substance in violation of 21 U.S.C. Sec. 846 and for distribution and aiding and abetting the distribution of heroin in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2. On appeal we remanded the case for resentencing because of a procedural defect in the sentencing hearing. After resentencing, the defendant appealed her conviction and sentence to this court again. We affirm.
 
 FACTS
 
 3
 The record of the original sentencing proceeding did not show that Sustaita had read the presentence report or discussed it with her attorney as required by Fed.R.Crim.P. 32(a)(1)(A), and because we could not declare as a matter of law that the error was harmless, the remand was necessary. At the second sentencing proceeding, this rule was complied with. However, the defendant now raises several other objections to her conviction and to the resentencing.
 
 
 4
 * Conspiracy Conviction
 
 
 5
 Because we did not discuss the defendant's challenges to her conviction in our decision in the initial appeal in this matter, we will decide the merits of her claims at this time. See Thomas v. Bible, 983 F.2d 152, 155 (9th Cir.), cert. denied, 113 S.Ct. 2443 (1993).
 
 
 6
 * Hearsay Co-Conspirator Evidence
 
 
 7
 The co-conspirator exception to the hearsay rule is only applicable upon a preliminary showing, by the preponderance of evidence, of the accused's knowledge of and participation in the conspiracy. United States v. Castaneda, 16 F.3d 1504, 1507 (9th Cir.1994). Furthermore,
 
 
 8
 [i]n order to establish these facts, the government cannot rely solely on the coconspirator statements themselves. It must produce some independent evidence which, viewed in light of the coconspirator statements, establishes the requisite connection between the accused and the conspiracy. While the government need show only a slight connection with the conspiracy, the independent evidence must be "fairly incriminating."
 
 
 9
 Id. As we noted in Castaneda, the standard of review of the district court's decision regarding the sufficiency of the government's showing is in dispute in this circuit. Id. However, as in Castaneda, we need not resolve this dispute as we cannot reverse the district court in this case even under a de novo standard of review. Id.
 
 
 10
 The government put forward substantial circumstantial evidence of the defendant's participation in the conspiracy. The defendant was seen by undercover agents driving co-defendant Joel Rocha to drug deals and summoning Joel into her house upon the arrival of a drug shipment after which Joel returned with heroin. Agents overheard Joel referring to someone called "Eva" as a connection for obtaining drugs and connecting that name with the defendant's telephone number. This evidence, in connection with the statements of alleged co-conspirators, was "fairly incriminating" and sufficient to show, by a preponderance of the evidence, a "slight connection" between the defendant and the alleged conspiracy.
 
 
 11
 Furthermore, there was sufficient evidence to show that the defendant was connected not only to a conspiracy to sell drugs on the two occasions on which she was connected with Joel Rocha's sales to undercover agents, but also to the wider conspiracy of the Rocha family. The defendant's connection to Joel Rocha, coupled with his connection with Feliciano Rocha and Feliciano's description of a family drug smuggling operation, was sufficient to connect the defendant to the wider conspiracy.
 
 B
 Conspiracy Conviction
 
 12
 There is sufficient evidence to support the defendant's jury conviction for conspiracy to distribute heroin if, reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Applying this standard, we must affirm the defendant's conviction.
 
 
 13
 The defendant complains that the evidence against her was largely circumstantial and based on the hearsay testimony of alleged co-conspirators. We have held that the hearsay testimony was admissible. Furthermore, circumstantial evidence alone may be sufficient to support a conviction. United States v. Reyes-Alvarado, 963 F.2d 1184, 1188 (9th Cir.), cert. denied, 113 S.Ct. 258 (1992). A rational juror could have found beyond a reasonable doubt that the evidence showed that the defendant was the person whom Joel Rocha called on several occasions to arrange drug deals with undercover agents, that she drove Joel to at least one of the drug deals, that the defendant had been smuggling drugs for Rocha's family in small quantities from Mexico, and that this on-going operation was being run out of her house. In this case, a rational juror could have found beyond a reasonable doubt that the defendant's activities showed her participation in the conspiracy to distribute heroin.
 
 II
 Sentencing
 
 14
 The defendant argues that there was insufficient evidence to show the amount of heroin involved in the conspiracy in which she was convicted. The sentencing court adopted the presentence report[1] and made a specific finding that the amount of heroin involved in the conspiracy "conservatively" exceeded five kilograms. The defendant, through her attorney, continued to protest that the proof of the quantity of heroin involved in Sustaita's two counts of distribution and aiding in the distribution did not show a quantity exceeding 75 grams. However, in sentencing her on the conspiracy count, the question is how much heroin was involved in and reasonably foreseeable during her participation in the conspiracy. U.S. v. Petty, 992 F.2d 887, 890-91 (9th Cir.), cert. denied, 114 S.Ct. 683 (1993). The court found that the conspiracy in which she was convicted of participating, predictably and conservatively handled at least five kilograms of heroin during the period of her participation.[2] We find no clear error in this determination. See United States v. Notrangelo, 909 F.2d 363, 364 (9th Cir.1990).
 
 
 15
 The conviction and sentence are AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The defendant apparently does not contest the Government's assertion that there were no alternatives to imprisonment for the presentence report to discuss. To the extent it was error for the presentence report to fail to state this fact, such error was harmless
 
 
 [2]
 Furthermore, the court did not err in relying upon the testimony of co-conspirators at sentencing. Such testimony is not hearsay under Federal Rules of Evidence 801(d)(2)(E). It would be an anomaly to admit such evidence at trial, but forbid it at sentencing. Neither United States v. Petty, 982 F.2d 1365 (9th Cir.1985) nor United States v. Weston, 448 F.2d 626 (9th Cir.1971) concerned the use of hearsay evidence that had already been found admissible for trial