42 F.3d 1404
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald Clinton SCHNEIDER, Defendant-Appellant.
 No. 93-30430.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1994.*
Decided Dec. 6, 1994.
 
 1
 Before: FLETCHER, D.W. NELSON, and RYMER, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Ronald Clinton Schneider appeals his 51-month sentence for unarmed bank robbery charged under 18 U.S.C. Secs. 2 and 2113(a). We have jurisdiction and affirm.
 
 I. Facts
 
 4
 Schneider challenges the district court's refusal to apply either a four-level adjustment for playing a minimal role in the offense under U.S.S.G. Sec. 3B1.2(a) or a two-level adjustment for playing a minor role under U.S.S.G. Sec. 3B1.2(b). Schneider argues that his conduct should be compared to that of his co-participant in the robbery, Randy Nutting. Nutting eventually admitted to committing five robberies on his own in addition to the one in which Schneider participated. Pursuant to an agreement with the Government, Nutting was charged with and pled guilty to three of these. The government's position is that the critical inquiry is what Schneider's role was in the robbery in which he participated and for which he was convicted.
 
 
 5
 We review for clear error the district court's determination that Schneider's role in the robbery was neither minor nor minimal. United States v. Peters, 962 F.2d 1410, 1414 (9th Cir.1992). The district court's legal interpretation of the Guidelines, however, is reviewed de novo. United States v. Blaize, 959 F.2d 850, 851 (9th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 1954 (1992).
 
 II. Relevant Conduct
 
 6
 Schneider argues that the district court erred by limiting the scope of "relevant conduct" for sentencing purposes to the offense of conviction. The determination of a defendant's role in a criminal offense should be made on the basis of all "relevant conduct" as defined in U.S.S.G. Sec. 1B1.3. Schneider maintains that all six of Nutting's robberies constituted relevant conduct and that his participation in this conduct was only minimal or minor because he committed only one robbery.
 
 
 7
 Only in two circumstances will a defendant's relevant conduct include conduct committed by his co-conspirators in jointly undertaken criminal activity. See U.S.S.G. Sec. 1B1.3(a). First, a co-conspirator's conduct is sometimes relevant if the offense of conviction is "groupable." U.S.S.G. Sec. 1.B1.3(a)(2); see U.S.S.G. Sec. 3D1.2(d) (defining groupable offenses). Bank robbery, however, is not a groupable offense under the Guidelines. U.S.S.G. Sec. 3D1.2(d).
 
 
 8
 If an offense is not a groupable offense, a co-participant's acts constitute relevant conduct if they are reasonably foreseeable, taken in furtherance of the jointly undertaken criminal activity, and "occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility of that offense." U.S.S.G. Sec. 1.B1.3(a)(1)(B) (emphasis added). Schneider argues that the robbery he committed was part of the series of robberies that formed the basis of Nutting's offense of conviction, so the entire series of robberies defines the scope of related conduct. He also argues that he concealed his knowledge of Nutting's other robberies to avoid detection of his own robbery. But Schneider answers the wrong questions. What matters for purposes of determining whether Nutting's conduct is relevant to Schneider's sentencing is whether it occurred during or was intended to avoid detection of Schneider's offense of conviction, not the other way around. Because Nutting's other robberies did not occur during, in preparation for, or to avoid detection of the robbery in which Schneider participated, these robberies were not relevant in determining whether Schneider was entitled to minor or minimal role status.[1]
 
 III. Level of Participation
 
 9
 Schneider argues that, even if the scope of relevant conduct is limited to the offense of conviction, he was entitled to a reduction in sentence for either minimal or minor participation. A four-level reduction for minimal participation applies to an individual "who [is] plainly among the least culpable of a group." U.S.S.G. Sec. 3B1.2, note 1. A two-level reduction for minor participant status applies to an individual who is "less culpable than most other participants" or "substantially less culpable than the average participant." U.S.S.G. Sec. 3B1.2(b), note 3, bkgd. note.
 
 
 10
 At sentencing, it was Schneider's burden to prove that he was entitled to minor or minimal role status. For purposes of determining whether Schneider's participation was minor or minimal, it is appropriate to compare Nutting's conduct during the robbery with Schneider's. See United States v. Benitez, 34 F.3d 1489, 1498 (9th Cir.1994); United States v. Petti, 973 F.2d 1441, 1447 (9th Cir.1992), cert. denied, --- U.S. ----, 113 S.Ct. 1859 (1993).
 
 
 11
 Some factors suggest that Schneider was indeed less culpable than Nutting. Nutting was a repeat offender who convinced Schneider to help him in the robbery by claiming falsely that a drug dealer had threatened to kill him, his girlfriend, and their two children if he did not repay an outstanding debt. Schneider had no interaction with the bank's tellers, remained near the entrance to the bank throughout the robbery, and urged Nutting to leave when the level of confrontation in the bank escalated.
 
 
 12
 However, merely being less culpable than one's co-participant does not establish that an individual played a minor or minimal role in an offense. United States v. Andrus, 925 F.2d 335, 338 (9th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 249 (1991). The district court concluded that the record proved by a preponderance of the evidence the information contained in the presentence report. See United States v. Notrangelo, 909 F.2d 363, 364-65 (9th Cir.1990) (district court may rely on information in presentence report if defendant has notice of use and has opportunity to object and present evidence at sentencing hearing). According to the presentence report, Schneider carried a flammable liquid during the robbery, pulled a realistic toy gun on a bank security guard who tried to restrain Nutting, and kept part of the robbery proceeds. The district court's determination that Schneider's participation in the robbery was neither minimal nor minor was not clearly erroneous. A defendant is not entitled to a minor or minimal role reduction simply because he filled the classic role of backup while his partner worked inside the bank.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Accordingly, the district court properly denied Schneider's request to compel discovery of police reports and a presentencing report regarding Nutting's other robberies