79 F.3d 1154
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dean DAHMAN, Defendant-Appellant.
 No. 94-10176.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 12, 1996.*
Decided March 18, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dean Dahman appeals his 80-month sentence imposed following entry of a guilty plea to bank robbery, in violation of 18 U.S.C. § 2113(a). Dahman contends that the district court erred by refusing to grant him a minor role reduction pursuant to U.S.S.G. § 3B1.2(b). We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.
 
 
 3
 We review for clear error a district court's determination that a defendant was not a minor participant. United States v. Benitez, 34 F.3d 1489, 1497 (9th Cir.1994), cert. denied, 115 S.Ct. 1268 (1995). The defendant has the burden of proving that he is entitled to a minor role reduction by a preponderance of the evidence. United States v. Davis, 36 F.3d 1424, 1436 (9th Cir.1994), cert. denied, 115 S.Ct. 1147 (1995). A defendant is entitled to a two-level reduction as a minor participant if he is substantially less culpable than his co-participants. Benitez, 34 F.3d at 1498; see also United States v. Pinkney, 15 F.3d 825, 828 (9th Cir.1994); U.S.S.G. § 3B1.2, comment. (n. 3) (describing minor participant as one who is less culpable than most other participants but more culpable than minimal participant). A downward adjustment under section 3B1.2 is to be used infrequently and only in exceptional circumstances. Davis, 36 F.3d at 1436.
 
 
 4
 Some factors suggest that Dahman was indeed less culpable than his co-participant Capaldi. Dahman had no interaction with the bank teller and remained in line during the robbery. However, merely being less culpable than one's co-participant does not establish that an individual played a minor role in an offense. Benitez, 34 F.3d at 1498. The district court concluded that the record proved by a preponderance of the evidence the information in the presentence report. See United States v. Notrangelo, 909 F.2d 363, 364-65 (9th Cir.1990) (district court may rely on information in presentence report if defendant has notice of use and has opportunity to object and present evidence at sentencing hearing). According to the presentence report, several witnesses stated that Dahman kept his hand in his left pocket during the robbery indicating that he had a gun, Dahman left the bank one minute after Capaldi, and he shared in the robbery proceeds. The district court's determination that Dahman's participation in the robbery was not minor is not clearly erroneous. See Benitez, 34 F.3d at 1498; Pinkney, 15 F.3d at 828.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3