114 F.3d 1196
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose M. RUIZ, Defendant-Appellant.
 No. 96-30317.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 19, 1997.*
Decided May 28, 1997.
 
 Before: FLETCHER, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Ruiz appeals his 210-month sentence imposed following his jury conviction for conspiracy to distribute cocaine, distribution of cocaine, and possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand for resentencing.
 
 FACTS[1]
 
 3
 In early October of 1995, an informant told police that Ruiz had told her he was involved in cocaine trafficking. Police subsequently asked the informant to arrange some controlled buys from Ruiz. The first transaction occurred on October 20, 1995, at which time the informant purchased one ounce of cocaine from Ruiz.
 
 
 4
 The second transaction occurred on November 9, 1995 and involved one quarter kilogram of cocaine. Ruiz arrived to meet the informant and an undercover detective; Ruiz was accompanied by Francisco Mendoza who had brought one half of a kilogram of cocaine. Mendoza and Ruiz went into the bathroom to split the package into halves. Upon their return, Ruiz handed the detective one of the halves as Mendoza quoted the detective the price.
 
 
 5
 The third and final transaction took place on November 28, 1995. Prior to the sale, Ruiz had indicated that Mendoza would again be the source of the cocaine, but stated that if Mendoza could not provide the drugs, he would contact an alternate source who had recently brought up twelve kilograms of cocaine. Subsequently, Ruiz picked up Francisco Mendoza and Carlos Mendoza at their apartment. The three then went to Jesus Verduzco-Valencia's apartment where they picked up the three kilograms of cocaine. All four then proceeded to meet the informant and undercover detective at which time they were arrested. In a subsequent search of Jesus Verduzco-Valencia's apartment, the police recovered an additional kilogram of cocaine.
 
 DISCUSSION
 
 6
 Ruiz contends that the district court erred by calculating his sentence based on the additional kilogram found in Verduzco-Valencia's apartment. Ruiz's contention has merit.
 
 
 7
 The district court's factual findings in the sentencing phase are reviewed for clear error. See United States v. Vaandering, 50 F.3d 696, 704 (9th Cir.1995).[2] The government must establish the quantity of drugs attributable to a member of a conspiracy by a preponderance of the evidence. See id.
 
 
 8
 The district court must determine "(1) the quantity of drugs distributed that were reasonably foreseeable by each [coconspirator] and (2) the quantity of drugs distributed that were within the scope of the particular agreement that each [coconspirator] entered." See United States v. Petty, 992 F.2d 887, 891 (9th Cir.1993); see also USSG § 1B1.3, comment. (n. 2) (1995) (with regard to offenses involving controlled substances, defendant is accountable for "all reasonably foreseeable quantities of contraband that were within the scope of the criminal activity that he jointly undertook.").
 
 
 9
 Here, Ruiz and coconspirator Verduzco-Valencia jointly participated in a cocaine transaction involving three kilograms. The additional kilogram found in Verduzco-Valencia's apartment was never distributed nor was there any evidence that Ruiz had agreed with Verduzco-Valencia to distribute any cocaine beyond the three kilograms. See Petty, 992 F.2d at 891; see also United States v. Navarro, 979 F.2d 786, 789 (9th Cir.1992) (remanding for resentencing because no evidence defendant was involved in any drug transactions beyond initial sale); USSG § 1B1.3, comment. (n. 2) (illustration (c)(7)). Accordingly, we remand for the limited purpose of resentencing Ruiz without attribution of the additional kilogram found in Verduzco-Valencia's apartment.
 
 
 10
 VACATED AND REMANDED FOR RESENTENCING.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The facts recited were adduced at trial and relied on by the sentencing judge at the sentencing hearing. See United States v. Notrangelo, 909 F.2d 363, 364-66 (9th Cir.1990) (sentencing court may consider testimony received at trial to serve as basis of factual findings)
 
 
 [2]
 To the extent that the district court's decision to attribute the additional kilogram to Ruiz constitutes the application of the guidelines as opposed to a pure factual finding, we note there is some confusion as to the appropriate standard of review. See United States v. Robinson, 94 F.3d 1325, 1327 n. 1. The standard of review, however, does not make any difference in the outcome of this case