**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 99-4181

TROY WEST-BEY,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CR-97-175)

Submitted: October 21, 1999

Decided: October 29, 1999

Before WIDENER and TRAXLER, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Howard Margulies, Baltimore, Maryland, for Appellant. Lynne A.
Battaglia, United States Attorney, Robert R. Harding, Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Troy West-Bey pled guilty to conspiracy to distribute cocaine, see 21 U.S.C. § 846 (1994), and was sentenced to a term of 140 months imprisonment. He appeals his sentence, contending that the district court erred in determining the amount of cocaine attributable to him on the basis of testimony produced at the trial of his brother and co-defendant, Preston West, thereby denying him an evidentiary hearing and the opportunity to cross-examine the government's witnesses. We affirm.

West-Bey's presentence report made no recommendation concerning the amount of drugs attributable to him, instead leaving the issue to be decided by the district court. Before sentencing, the government announced its intention to rely on the testimony of its witnesses at the Preston West trial. Transcripts were made available to the defense. West-Bey argued in his sentencing memorandum that fairness required that he have the opportunity to cross-examine the government's witnesses. However, the district court (the same judge who had conducted the Preston West trial) concluded that it was not necessary to have the witnesses testify again.

West-Bey concedes that the district court may consider hearsay evidence at sentencing, provided that the evidence has sufficient indicia of reliability to support its probable accuracy. See U.S. Sentencing Guidelines Manual § 6A1.3(a), p.s. (1998). The sentencing court's reliance on such evidence does not violate the defendant's Sixth Amendment right to confront witnesses. See United States v. Weekly, 118 F.3d 576, 582 (8th Cir.), dissent modified , 128 F.3d 1198, cert. denied, ___ U.S. ___, 66 U.S.L.W. 3399 (U.S. Dec. 8, 1997) (No. 97-6575). See also United States v. Morales, 994 F.2d 386, 389 (7th Cir. 1993); United States v. Notrangelo, 909 F.2d 363, 364-65 (9th Cir. 1990).

While the government bears the burden of proving the amount of drugs for which the defendant is responsible, it may offer its proof in a variety of ways. Here, the sentencing judge had also conducted the trial of the co-defendant and was able to assess the credibility of the

2

witnesses and the reliability of the evidence they provided. West-Bey had access to the transcripts in advance of sentencing and had the opportunity to rebut the testimony contained in them. Consequently, we find that the district court did not err either in deciding not to require the government to prove the amount of drugs through live witnesses or relying on evidence from the Preston West trial to determine the amount of cocaine attributable to West-Bey.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3