**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Shirley Ann JACKSON, aka Ann
Spearman, Defendant—
Appellant.**

**No. 02–50240.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 14, 2003.

Decided Aug. 6, 2003.

Before: NOONAN, KLEINFELD, and WARDLAW, Circuit Judges.

MEMORANDUM *

Shirley Ann Jackson appeals the sentence the district court imposed after she pleaded guilty to conspiracy, in violation of 18 U.S.C. § 371, mail fraud, in violation of 18 U.S.C. § 1341, and wire fraud, in violation of 18 U.S.C. § 1343. We have jurisdiction under 28 U.S.C. § 1291 and we reverse and remand for resentencing.

Due process requires a sentencing court to put a criminal defendant on notice of the evidence it will consider, and afford her a meaningful opportunity to contest it. *See United States v. Notrangelo,* 909 F.2d 363, 365 (9th Cir.1990); *see also* Fed.R.Crim.P. 32(c)(1) (2001) ("At the sentencing hearing, the court must afford counsel for the defendant ... an opportunity to comment on [the pre-sentence report] and on other matters relating to the appropriate sentence...."). It is unclear from the record what evidence the district court relied upon in determining Jackson's "relevant conduct" for sentencing under U.S.S.G. § 1B1.3(a)(1)(B). The district court stated that in determining Jackson's "relevant conduct" it had reviewed its trial notes and trial exhibits—without specifying exactly which ones—from Jackson's co-defendants' trial (in which she did not participate). Although the court went on to state its "belie[f]" that the information in the pre-sentence report fully documented all of its findings, in fact, Jackson's pre-sentence report and addendum contained abstract and vague references to "testimony" and "discovery and trial exhibits."

As a result of the murky state of the record, we have no choice but to reverse Jackson's sentence and remand the matter to the district court for resentencing. If in resentencing Jackson the district court intends to rely on testimony or exhibits from the co-defendants' trial (or on the portions of the pre-sentence report that reference such evidence), it must identify them with specificity, in order to provide Jackson with the constitutionally requisite "meaningful opportunity to comment on [them] at sentencing." *United States v. Nappi,* 243 F.3d 758 (3d Cir.2001). And because Jackson has not yet had the opportunity to cross-examine any trial witness upon whose testimony the Probation Officer or court may have relied, the district court shall have to determine whether to do so if their testimony is to be used as support for the relevant conduct determination.

We reject Jackson's assertion that the district court should have employed a heightened standard of proof for its factual determination. *United States v. Johans-*

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*son,* 249 F.3d 848, 855 (9th Cir.2001) (quoting *United States v. Harrison–Philpot,* 978 F.2d 1520, 1522 (9th Cir.1992)) ("[D]ue process does not require the application of the clear and convincing standard when 'the extent of the conspiracy caused the tremendous increase in sentence.'").

**REVERSED AND REMANDED.**