**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Nathan H. SUZUKI, Defendant—
Appellant.**

No. 05–10220.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 16, 2006.

Submission Withdrawn March 27, 2006.

Resubmitted May, 2006.

Decided May 22, 2006.

Leslie F. Osborne, Honolulu, HI, for Plaintiff–Appellee.

Jerald W. Newton, Esq., Sedona, AZ, for Defendant–Appellant.

Before: GOODWIN, REINHARDT, and HAWKINS, Circuit Judges.

## MEMORANDUM *

Nathan Suzuki pled guilty to one count of conspiracy to defraud the Internal Revenue Service, a violation of 18 U.S.C.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

§ 371. The district court imposed a 36–month sentence, a $10,000 fine, and three years of supervised release. Suzuki appeals his sentence pursuant to a clause in the plea agreement, and offers two main arguments: (1) the court denied him a fair hearing on the amount of tax loss, and (2) the court did not require the Government to prove the amount of the tax loss beyond a reasonable doubt. For its part, the Government contends that Suzuki's waiver of appellate rights in the plea agreement bars this appeal. We reject all three arguments, and affirm the sentence of the district court.

This court reviews "the district court's interpretation of the Sentencing Guidelines de novo, the district court's application of the Sentencing Guidelines to the facts of [a] case for abuse of discretion, and the district court's factual findings for clear error." *United States v. Cantrell,* 433 F.3d 1269, 1279 (9th Cir.2006). Suzuki stipulated in his plea agreement that the maximum unreported income the Government could prove in relation to his conduct for the tax years 1994 through 1997 was $1,731,000. However, he reserved the right to litigate the amount of tax loss suffered by the government, an issue relevant in this case only in calculating the base offense level under U.S.S.G. § 2T1.1(a). Suzuki asserts that the district court violated his due process rights by failing to conduct a sentencing hearing at which his counsel could assert arguments already presented in writing and considered by the court. We find no error in the district court's sentencing procedure.

At sentencing, the district court expressed the view that in light of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the sentencing guidelines were advisory, and the court was therefore not going to dwell on the exact amount of the tax loss or its impact on the sentencing guidelines range. The court then took into consideration both aggravating and mitigating factors and constructed a sentence that was fully within its discretion. The district court was not, as Suzuki would have it, obligated to hold oral argument or an evidentiary hearing in connection with sentencing. It was sufficient that the district court received, reviewed and considered Suzuki's written objections to the presentence report. *See, e.g., United States v. Notrangelo,* 909 F.2d 363, 366 (9th Cir.1990) ("The procedural safeguards and evidentiary limitations afforded defendants in criminal trials are not required at sentencings."); *Farrow v. United States,* 580 F.2d 1339, 1360 (9th Cir.1978) (holding that "due process does not require an evidentiary hearing to establish the veracity of all information in a presentence report before it may be considered by the sentencing judge"); *see also United States v. Karterman,* 60 F.3d 576, 583 (9th Cir.1995) (holding that similar statements by the court satisfied Rule 32).

The two remaining issues require little discussion. Suzuki's contention that the Government should have proved the amount of loss beyond a reasonable doubt is foreclosed by *United States v. Montano,* 250 F.3d 709, 713 (9th Cir.2001) (holding amount of tax loss properly proved by preponderance of the evidence). And we reject the Government's contention that this appeal is barred by the plea agreement, as the agreement provides that either Suzuki or the Government may appeal the portion of his sentence imposed due to the Court's determination of tax loss under U.S.S.G. § 2T1.1(a).

Finally, Suzuki's motion for release on bail pending appeal is denied as moot.

**AFFIRMED.**