**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4821**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BASIM ALBERT HAMAD,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   James C. Dever, III,
Chief District Judge.  (5:10-cr-00121-D-1)

Submitted:  May 31, 2012                Decided:  June 8, 2012

Before MOTZ, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas  P.  McNamara,  Federal  Public  Defender,  G.  Alan  DuBois,
Assistant  Federal  Public  Defender,  Eric  J.  Brignac,  Research  and
Writing  Specialist,  Raleigh,  North  Carolina,  for  Appellant.
Thomas  G.  Walker,  United  States  Attorney,  Jennifer  P.  May-
Parker,  Kristine  L.  Fritz,  Assistant  United  States  Attorneys,
Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Basim Albert Hamad appeals his sentence of 210 months of imprisonment following his guilty plea to one count of armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d) (2006), and one count of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2006). Hamad contends that the district court erred during sentencing in relying on an unsworn proffer and its own recollections from related proceedings to find that an employee of the credit union robbed by Hamad and his coconspirators was not a party to the crime. We affirm.

Generally, a district court must find facts relevant to sentencing by a preponderance of the evidence, and we review such findings for clear error. See United States v. Alvarado Perez, 609 F.3d 609, 612, 614 (4th Cir. 2010); United States v. Grubbs, 585 F.3d 793, 803 (4th Cir. 2009). When, as here, a defendant fails to object to factual findings in his presentence report ("PSR"), the district court may consider the evidentiary burden satisfied and rely on those findings in sentencing the defendant without further inquiry. See United States v. Revels, 455 F.3d 448, 451 n.2 (4th Cir. 2006).

Here, Hamad's PSR reported law enforcement's conclusion that the credit union employee in question was abducted by Hamad and did not willingly aid in the robbery.

2

Hamad's counsel did not object to the PSR. Accordingly, we find the PSR alone sufficient to support the district court's conclusion that the employee was a victim and not a coconspirator. The evidence cited by Hamad at sentencing, including the employee's failed polygraph exam and her initial omission of a significant detail of the robbery, does not invalidate this conclusion.

We also find no error in the district court's reliance on its familiarity with the crime from the prior sentencings of Hamad's coconspirators, or its consideration of the unsworn statement of a government agent present at Hamad's sentencing, made in response to an inquiry from the court. Because Hamad did not object, our review is for plain error. United States v. Olano, 507 U.S. 725, 732 (1993).

A district court is largely unencumbered with respect to the sources of information it may consider when making factual determinations at sentencing. See United States v. Nichols, 438 F.3d 437, 439-40 (4th Cir. 2006). We have consistently approved a sentencing court's reliance on unsworn and out of court statements so long as such statements exhibit an adequate indicia of reliability. See United States v. Powell, 650 F.3d 388, 392 (4th Cir. 2011); Nichols, 438 F.3d at 440. Considering this lenient evidentiary standard and the fact that Hamad is unable to point to inaccuracy or unfair surprise,

3

we are unable to find plain error. <u>See</u> <u>United States v. Morales</u>, 994 F.2d 386, 389-90 (7th Cir. 1993); <u>United States v. Notrangelo</u>, 909 F.2d 363, 364-66 (9th Cir. 1990).

Accordingly, we affirm the judgment below. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4