**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Evadelia SUSTAITA, Defendant–
Appellant.**

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Joel Lopez ROCHA, Defendant–Appellant.**

**Nos. 91–10495, 91–10582.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 15, 1993
as to Appellant Sustaita.

Submitted June 15, 1993 as
to Appellant Rocha *.

Decided Aug. 10, 1993.

---

* The court unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34–4.

Kendall D. Simsarian, George Nunez Law Corp., Fresno, CA, for defendant-appellant Sustaita; Stevan Noxon, Fresno, CA, for defendant-appellant Rocha.

Kevin P. Rooney, Asst. U.S. Atty., Fresno, CA, for plaintiff-appellee.

Before: GOODWIN, NORRIS, and RYMER, Circuit Judges.

GOODWIN, Circuit Judge:

Appellants Rocha and Sustaita were sentenced to 136 months and 169 months in prison, respectively, for conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 841 and 21 U.S.C. § 846 and for distribution and aiding and abetting the distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. We affirm the sentence of Rocha. We reverse the sentence of Sustaita and remand for resentencing.

### Rocha

On seven different occasions, Rocha sold heroin to undercover narcotics detectives. In total, he personally distributed 200 grams of heroin. Immediately before trial, Rocha pleaded guilty to one count of conspiracy and to seven counts of distribution of a controlled substance.

Prior to his sentencing hearing, Rocha filed two memoranda of disputed sentencing facts. He challenged the government's calculation of the amount of drugs involved in the conspiracy and whether such amount was reasonably foreseeable to him. He also claimed that the prosecution impermissibly refused to offer him a favorable plea bargain. The sentencing judge rejected Rocha's arguments. Rocha's base offense level was set at 34 based upon a finding that, prior to his withdrawal from the conspiracy, the conspiracy involved 3.75 kilograms of heroin. The offense level was then reduced by 2 levels based on Rocha's acceptance of responsibility. Rocha was sentenced to 136 months imprisonment, five years of supervised release following his release from custody, and a special assessment of $400.

## I. Failure to Offer Plea Bargain

█ Rocha claims that the prosecutor's plea bargaining decisions, which were motivated by tactical considerations, violated his right to due process.

In *United States v. Moody*, 778 F.2d 1380, 1385 (9th Cir.1985), we held: "There is no constitutional right to a plea bargain, and the decision whether to offer a plea bargain is a matter of prosecutorial discretion." *Id.* at 1385–86. To sustain a claim of impermissibly selective prosecution, Rocha must demonstrate that he was selected for prosecution on the basis of an impermissible ground such as race, religion, or exercise of constitutional rights. *United States v. Kidder*, 869 F.2d 1328, 1335 (9th Cir.1989). The record does not support such a claim.

Rocha insists, nonetheless, that his right to due process was violated by the prosecutor's arbitrary exercise of his discretion. Putting aside the factual question whether Rocha was arbitrarily selected for prosecution, there is no legal basis for his claim. "Inquiry into prosecutorial affairs is allowed to pursue claims of selective prosecution based on suspect characteristics, but not those based on arbitrariness, because in the former case the inquiry is likely to be less intrusive *and* the violation more offensive." *United States v. Redondo–Lemos*, 955 F.2d 1296, 1301 (9th Cir.1992) (emphasis in original).

## II. Calculation of Base Offense Level

█ Rocha challenges the validity of the court's calculation of his base offense level. The district court's factual findings are reviewed for clear error. *United States v. Notrangelo*, 909 F.2d 363, 364 (9th Cir.1990).

The presentence report noted case agents' testimony regarding three factors: (1) throughout the investigation, the co-conspirators spoke of monthly shipments of heroin from Mexico, (2) statements by Feliciano Rocha, a co-conspirator, that the shipments varied between two to three kilograms and that there was a shipment of 2.5 kilograms in March 1990, and (3) a statement by Mario Cardenas Barragan, a co-conspirator, that Sergio Barragan Cazares, another co-conspirator, periodically went to Mexico and brought back 1.25 kilograms of heroin. In addition, the presentence report stated that, although the conspiracy lasted from August 1989 through August 1990, Rocha's participation ended in May 1990 as a result of his arrest on state charges.

The presentence report recommended basing the offense level on quarterly shipments of the smallest quantity of heroin mentioned by a co-conspirator, 1.25 kilograms. Because Rocha was a member of the conspiracy only until May, his base offense level was based on 3.75 kilograms of heroin.

The district court adopted the presentence report's findings. Because the evidence contained in the presentence report supported the court's findings, they were not "clearly erroneous." *Id.*

## III. Admissibility of Hearsay at Sentencing

█ Rocha maintains that the sentencing judge's reliance upon hearsay testimony violated the Sixth Amendment right of confrontation and the right to due process.

█ A sentencing judge "may consider a wide variety of information which would not be considered admissible at trial." *United States v. Kerr*, 876 F.2d 1440, 1445 (9th Cir.1989). The spectrum of information which a sentencing judge may consider includes hearsay testimony. *United States v. Fernandez–Vidana*, 857 F.2d 673, 675 (9th Cir.1988). Indeed, we have rejected sentencing challenges to the use of hearsay testimony that were based on violation of the Confrontation Clause. *United States v. Petty*, 982 F.2d 1365, 1367–68 (9th Cir.1993).

█ Furthermore, the use of hearsay testimony did not violate Rocha's right to due process. *Notrangelo*, 909 F.2d at 365–66. "The procedural safeguards and evidentiary limitations afforded defendants in criminal trials are not required at sentencings." *Id.* at 366. The use of hearsay evidence at sentencing violates due process only if the sentencing judge relied upon information which is materially false or unreliable. *Kerr*, 876 F.2d at 1445. Federal Rule of Criminal Procedure 32(c)(3)(D) safeguards a defendant from this hazard: "If the defendant chal-

lenges the information contained in the presentence investigation report, the judge must make findings of fact concerning any disputed matter upon which it proposes to rely in sentencing." *Id.* The record demonstrates that the judge followed the procedures of Rule 32(c)(3)(D).

### IV. Standard of Proof at Sentencing

Finally, Rocha argues that the "preponderance of the evidence" standard of proof for United States Sentencing Guideline factors does not satisfy due process. As Rocha concedes, however, we have held "that due process does not require a higher standard of proof than preponderance of the evidence to protect a convicted defendant's liberty interest in the accurate application of the Guidelines." *United States v. Restrepo*, 946 F.2d 654, 661 (9th Cir.1991) (en banc), *cert. denied*, —— U.S. ——, 112 S.Ct. 1564, 118 L.Ed.2d 211 (1992).

### Sustaita

■ Sustaita's involvement in the conspiracy was observed by law enforcement officers on two of the seven occasions on which Rocha distributed heroin. The prosecution offered co-conspirator statements and circumstantial evidence, including an extremely high volume of phone calls from Sustaita's residence, implicating Sustaita in the heroin trafficking conspiracy. She was found guilty of one count of conspiracy and two counts of distribution of a controlled substance.

Prior to her sentencing hearing, Sustaita's counsel filed a memorandum arguing that Sustaita's participation in the conspiracy remained a disputed fact. Counsel also argued that Sustaita's base offense level could only be based upon the quantity of heroin involved in the counts of drug distribution of which she had been convicted. Counsel made a general challenge that the presentence report's method of calculation violated due process. The sentencing judge correctly rejected these arguments.

Sustaita's base offense level of 34 was based upon a finding that the conspiracy involved five kilograms of heroin. The judge sentenced Sustaita to 169 months imprisonment, five years of supervised release following her release from custody, and a special assessment of $150.

Because the record does not show that the sentencing judge determined whether Sustaita had read the report or discussed it with her counsel as required by Federal Rule of Criminal Procedure 32(a)(1)(A), and because we reject the government's argument that such failure was harmless error, we remand for resentencing.[1]

The government asserts that, because of statements by Sustaita's counsel, the district judge reasonably concluded that Sustaita had read the report or discussed it with counsel. In *United States v. Lewis*, 880 F.2d 243 (9th Cir.1989), we held that "the requirements of 32(a)(1)(A) were fulfilled when [appellant's] attorney told the sentencing judge that appellant had read the presentence report and [when appellant] failed to dispute this assertion." *Id.* at 245–46.

■ We find, however, that the present case fails to meet the *Lewis* standard. The government bases its argument on the following statement by Sustaita's counsel:

The objection that *we* have filed, the objection that *we* feel is appropriate in light of the recommendation submitted by the probation office is that the calculations upon which they base their quantity to me strikes at the very fundamental judicial system that we have in our country.

The fact that Sustaita's counsel used the word "we" twice is an insufficient basis to find that Sustaita read the presentence report. In that same sentence, her counsel also used the word "me" and, in any event, this argument infuses greater meaning than we can extract from a common stylistic device used by lawyers.

The government argues, in the alternative, that even if the judge did violate Rule 32, no remand for resentencing is necessary absent a showing of prejudice to Sustaita. While we have found no Ninth Circuit authority on

---

1. We need not, therefore, reach other asserted sentencing errors briefed and argued by Sustaita.

point,[2] the Seventh Circuit has discussed this issue in *United States v. Rodriguez–Luna*, 937 F.2d 1208 (7th Cir.1991).

In *Rodriguez–Luna*, remand was unnecessary because of two factors. *Id.* at 1213. First, the defendant failed to allege that he had not read or discussed the report. Second, the "only meaningful dispute at ... sentencing involved the proper quantity of cocaine to consider," and the defendant's attorney filed an objection to the presentence report's factual finding on this matter. *Id.* The defendant failed to identify any fact that he was prevented from disputing as a result of the judge's failure to determine whether he read or discussed the presentence report. The court concluded: "In the absence of any allegation that [the defendant] did not review the PSI and any identification of the facts that [he] would have disputed had he been given the opportunity, we decline to order [the defendant] to be resentenced." *Id.*

■ We agree with the Seventh Circuit that harmless error analysis may be appropriate where the sentencing judge fails to observe the requirements of Rule 32(a)(1)(A), if it is clear that no prejudice resulted. We also agree that the error is deplorable and easily avoided. And, in this case, we are not prepared to hold that there was no prejudice.

In *Rodriguez–Luna*, the court found the district judge's error to be harmless on the ground that the key fact in dispute at sentencing—the quantity of cocaine involved in the crime—had nevertheless been raised by defense counsel and because there were no factual inaccuracies that the defendant could have challenged had he been given an opportunity to read or discuss the report.

In the present case, by contrast, Sustaita's counsel made no specific objection to any fact in the presentence report. If Sustaita had been given an opportunity to read or discuss the presentence report, she could have tried to contradict the report's factual finding that the conspiracy involved five kilograms of heroin. Although her counsel raised a legal

objection to the report's method of calculation, the record does not show that Sustaita was given an opportunity to raise factual objections to the report's findings. We therefore cannot excuse the court's failure to determine whether Sustaita read the presentence report or discussed it with her counsel.

Rocha's sentence is AFFIRMED. Sustaita's sentence is VACATED and the cause is REMANDED for resentencing.

---

2. The government's citation to *United States v. Popoola*, 881 F.2d 811, 813 (9th Cir.1989), in which the court examined the lack of prejudice to the defendant, is irrelevant to the present case. In *Popoola*, the defendant was claiming ineffec-

tive assistance of counsel, and prejudice is one of the two elements that must be proven to obtain relief under this claim. *See Strickland v. Washington*, 466 U.S. 668, 686–87, 104 S.Ct. 2052, 2063–64, 80 L.Ed.2d 674 (1984).