29 F.3d 635
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dennis Lee FRANKS, Defendant-Appellant.
 No. 93-10501.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 20, 1994.*
Decided June 29, 1994.
 
 Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dennis Lee Franks appeals the sentence imposed under the Sentencing Guidelines following his guilty plea. He contends that the district court failed to state adequately on the record its reasons for imposing a downward departure. We do not have jurisdiction, however, to review such a contention. See United States v. Dickey, 924 F.2d 836, 838 (9th Cir.), cert. denied, 112 S.Ct. 383 (1991); United States v. Vizcarra-Angulo, 904 F.2d 22, 23 (9th Cir.1990).
 
 
 3
 Franks also argues that the district court failed to determine whether he reviewed the presentence report prior to sentencing. We agree that the court's failure violates Federal Rule Criminal Procedure 32(a)(1)(A). See United States v. Sustaita, 1 F.3d 950, 953-54 (9th Cir.1993). Nevertheless, the error is harmless when it is clear that no prejudice resulted. Id. at 954. Here, Franks does not claim that he did not read or discuss the report with counsel, nor does he identify any fact in the report that he was prevented from disputing. These factors cause us to conclude that the error was harmless. See id. (citing United States v. Rodriguez-Luna, 937 F.2d 1208, 1213 (7th Cir.1991) (identifying factors)).
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3