37 F.3d 1507
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jesus Palafox MEDINA, Defendant-Appellant.
 No. 93-10466.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1994.*
Decided Aug. 30, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jesus Palafox Medina appeals his 135-month sentence imposed following a guilty plea to conspiracy and possession with intent to distribute cocaine in violation of 21 U.S.C. Secs. 841(a)(1), 846. Medina contends the district court violated Fed.R.Crim.P. 32(a)(1)(A) by failing to determine whether he had read or discussed the presentence report (PSR) with his counsel. The government concedes that the district court erred, but argues that the error was harmless. See United States v. Sustaita, 1 F.3d 950, 953 (9th Cir.1993) (applying harmless error analysis to district court's failure to comply with Rule 32). We have jurisdiction under 28 U.S.C. Sec. 1291, and we vacate and remand for resentencing.
 
 
 3
 Here, Medina pled guilty to conspiracy and possession with intent to distribute 5 kilograms of cocaine. The PSR noted that an additional 8.369 kilograms of cocaine were found in the vehicle Medina was driving. Based upon a total offense level of 31 and criminal history category II, Medina's Guidelines range was 121 to 151 months. See U.S.S.G. Sec. 5A. In imposing a 135-month sentence, the district court stated:
 
 
 4
 I'm going to sentence you to one hundred and thirty-five months, which is in the middle of the Guideline range.... [T]he fact that there was more drugs involved in the vehicle than are currently involved in the charge before me leads me to give you a mid level sentence.
 
 
 5
 Although Medina's counsel raised legal objections to the PSR, the record does not show that Medina was given the opportunity to raise factual objections to the PSR.
 
 
 6
 Medina argues that he could have tried to object to the PSR's finding that the conspiracy involved the additional 8.369 kilograms of cocaine. Because Medina may have a valid objection to the PSR, we vacate his sentence and remand to the district court to allow Medina to show that the inadequate Rule 32 inquiry prejudiced him and, if so, what relief is required. See Sustaita, 1 F.3d at 954.
 
 
 7
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3