36 F.3d 1103
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Manuel GARCIA, Jr., Defendant-Appellant.
 No. 94-50077.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1994.*
Decided Sept. 22, 1994.
 
 Before: SNEED, WIGGINS and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Manuel Garcia, Jr. appeals the sentence of 33 months imposed following his plea of guilty to conspiracy and theft of interstate goods in violation of 18 U.S.C. Secs. 371, 659 and 2(a). Garcia claims the district court erred by basing its finding that he was an organizer or leader in the offense upon information that was not part of the record or presentence report. We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm.
 
 
 3
 We review for clear error a district court's determination that a defendant was an "organizer, leader, manager or supervisor" of an offense. United States v. Roberts, 5 F.3d 365, 371 (9th Cir.1993). We review for an abuse of discretion a district court's determination that information is reliable enough to support a sentencing adjustment. United States v. Petty, 982 F.2d 1365, 1369 (9th Cir.1993), amended 992 F.2d 1015 (9th Cir.1993), cert. denied 114 S.Ct. 684 (1994).
 
 
 4
 "A sentencing judge 'may consider a wide variety of information which would not be considered admissible at trial.' " United States v. Sustaita, 1 F.3d 950, 952 (9th Cir.1993) (quoting United States v. Kerr, 876 F.2d 1440, 1445 (9th Cir.1989)). "[T]he Confrontation Clause does not apply at sentencing, [although] a defendant ... has a due process right not to be sentenced on the basis of materially incorrect information." Petty, 982 F.2d at 1369.
 
 
 5
 Here, federal authorities arrested Garcia along with his codefendants as they began unloading a shipment of cigarettes valued at $967,000 from a cargo trailer they had towed from a Union Pacific Railroad ("UPRR") yard. The presentence report showed that codefendant Jose Orosco, who worked as a truck dispatcher inside the UPRR yard, approached John Dycus, a confidential informant who worked at the UPRR security gate, and told him he knew someone named Garcia who was interested in stealing merchandise from the UPRR yard. Orosco told Dycus that Garcia was an associate of Lopez, who would assist in finding a storage location and a buyer for the stolen goods. Dycus agreed to help.
 
 
 6
 Orosco enlisted Borroto, a contact in another trucking company, to access computer data to discover the contents of different containers in the UPRR yard. On the even of the crime, Orosco and Dycus were at a restaurant when Garcia paged Orosco. Orosco told Garcia that he should send a truck to the yard the next morning. He promised to call Garcia later that night to tell him which containers to steal. He told Garcia that Dycus would wave his driver through.
 
 
 7
 Garcia enlisted Dominguez to drive the trailer, and met him the following morning. Alerted by Dycus, FBI special agents observed Dominguez pulling out of the UPRR yard with the stolen cargo in tow. Lopez and Garcia, who were waiting in a gold Lexus parked across the street, led Dominguez to a private warehouse, where they instructed Dominguez to back up to a loading dock. At the same time, three men drove up in a Camaro. According to Dominguez's statement to FBI agents, Garcia and Lopez told the men to stay in the car, park in the shade and wait.
 
 
 8
 Garcia told the probation office that all codefendants participated in planning the offense. The presentence report writer concluded that no role adjustment was warranted. Nonetheless, the district court concluded that Garcia was a leader, relying upon, "the totality of everything I know about this case," including Dominguez' postarrest statements as well as testimony of Borroto and Dycus offered at the trial of codefendant Lopez. Garcia argues that Dominguez's statements are unreliable because Dominguez is a liar and uses drugs. He argues further that Borroto's and Dycus's testimony is unreliable because Garcia was not allowed to cross examine them. We reject these arguments.
 
 
 9
 We have approved a district court's consideration of hearsay evidence at sentencing in the face of a Confrontation Clause challenge. See Petty, 982 F.2d at 1365. We therefore hold that sworn testimony is sufficiently reliable to support a sentencing adjustment. We further hold that Dominguez's statement was reliable, despite his personal problems, in light of the corroborating evidence that Garcia organized this offense. The district court did not abuse its discretion by considering this information, see id. at 1369, and we discern no clear error in its conclusion, see Roberts, 5 F.3d at 371.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3