62 F.3d 1426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard LOPEZ, Defendant-Appellant.
 No. 94-50066.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1995.*
Filed April 10, 1995.
Withdrawn July 21, 1995.
Decided July 21, 1995.
 
 1
 Before: BROWNING, and BEEZER, Circuit Judges, and JONES,** District Judge.
 
 
 2
 MEMORANDUM***
 
 I.
 
 3
 The district court violated Federal Rule of Criminal Procedure 32(a)(1)(A) by failing to inquire whether Lopez had read the presentence report and discussed it with his counsel. U.S. v. Davila-Escovedo, 36 F.3d 840, 844 (9th Cir. 1994). However, the only specific fact that Lopez asserts he was prevented from disputing is a statement attributed to a seventeen year-old report of a probation officer that Lopez had admitted to occasional marijuana use.[1] U.S. v. Sustaita, 1 F.3d 950, 954 (9th Cir. 1993). Failure to contest this statement could not have prejudiced Lopez in light of the presentence report's extensive uncontested recital of his many contacts with the criminal justice system, including jury convictions for murder, discharging a firearm at an occupied motor vehicle, and dissuading a witness by force or threat, and a guilty plea for possession of PCP. The court's error was harmless and provided no ground for reversal. Davila-Escovedo, 36 F.3d at 844.
 
 II.
 
 4
 The district court fully complied with the requirements of Rule 32(c)(3)(D) by making explicit findings from the bench and expressly adopting the findings of the presentence report. U.S. v. Rosales, 917 F.2d 1220, 1222 (9th Cir. 1990).
 
 III.
 
 5
 The district court's determination that Lopez was a "manager or supervisor" in the conspiracy was not clearly erroneous. The government presented evidence that Lopez supervised several other participants in the conspiracy. U.S.S.G. Sec. 3B1.1, Application note 2; see also U.S. v. Helmy, 951 F.2d 988, 997 (9th Cir. 1991). Lopez recruited Dominguez to drive the truck containing the stolen cargo and directed Dominguez where to drive the truck. Lopez later directed several other co-conspirators to buy some bolt cutters to use in the enterprise, and was in charge of arranging for a buyer of the stolen cigarettes. U.S. v. Koenig, 952 F.2d 267, 274 (9th Cir. 1991).
 
 
 6
 The district court erred in sentencing Lopez to 77 months for his conviction on count one of the indictment. The maximum penalty under this section is five years. 18 U.S.C. Sec. 371.
 
 
 7
 AFFIRMED except that Lopez's sentence is VACATED and REMANDED with instructions to the district court to impose the concurrent terms of imprisonment of 60 months on count one and a sentence of 77 months on count two of the indictment.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir. R. 34-4 and Fed. R. App. P. 34(a)
 
 
 **
 Honorable Robert E. Jones, District Judge, United States District Court for the District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Lopez also contends he would have disputed "the specific circumstances relating to a prior conviction which formed the basis of a criminal history enhancement related to the misdemeanor charge of PCP" and "information related to [his] psychological status [taken from a report] written several (17) years prior." However, a defendant must identify specific factual objections before prejudice will be found. Sustaita, 1 F.3d at 954