69 F.3d 545
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony Andrew YIAADEY, Defendant-Appellant.
 No. 94-50369.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 24, 1995.*
Decided Nov. 1, 1995.
 
 Before: BEEZER, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Anthony Andrew Yiaadey appeals his sentence imposed following his guilty plea to receipt and possession of stolen mail, in violation of 18 U.S.C. Sec. 1708. Yiaadey contends that the district court erred by (1) adjusting his offense level upwards by two levels for obstruction of justice, (2) refusing to grant a two-level reduction for acceptance of responsibility, and (3) ruling that the amount of loss was $35,997. We have jurisdiction under 28 U.S.C. Sec. F291, and we affirm.
 
 
 3
 The district court's application of the Sentencing Guidelines is reviewed de novo. United States v. Buenrostro-Torres, 24 F.3d 1173, 1174 (9th Cir.1994) (per curiam). The district court's factual findings in the sentencing phase are reviewed for clear error. United States v. Benitez, 34 F.3d 1489, 1497 (9th Cir.1994), cert. denied, 115 S.Ct. 1268 (1995).
 
 
 4
 Yiaadey contends that the district court erred by adjusting his offense level two levels for obstruction of justice. He asserts that the false information provided in his presentence investigation report (PSR) was not "material" and that the same information was provided in a subsequent case and no adjustment was given.[1] This contention lacks merit.
 
 
 5
 Obstruction of justice is a willful obstruction or impediment, or attempted obstruction or impediment, to the administration of justice during the investigation, prosecution, or sentencing phases of an offense. U.S.S.G. Sec. 3C1.1. "Providing materially false information to a probation officer in respect to a presentence or other investigation for the court" is an example of obstruction of justice. U.S.S.G. Sec. 3C1.1, comment. (n. 3(h)). "Material" evidence, facts, statements, or information, if believed, tends to influence or affect the issue under determination. See U.S.S.G. Sec. 3C1.1 comment. (n. 5).
 
 
 6
 Here, Yiaadey admitted providing false information to his probation officer in the presentence investigation report about his place of birth and where he attended high school. The district court found that Yaaidey had in fact attempted to obstruct justice by providing false information about his background, his true identity, and by failing to disclose that he was in this country illegally. Yiaadey's false statements were material to the district court's determination of the Guidelines range and where Yiaadey should be sentenced within that range. See U.S.S.G. Sec. 3C1.1 comment. (n. 5). Accordingly, the district court did not clearly err by adjusting Yiaadey's offense level two levels for obstruction of justice. See Benitez, 34 F.3d at 1497.[2]
 
 
 7
 Yiaadey also contends that he should have received a reduction in sentence for acceptance of responsibility because the same information was provided to the probation officer in this case and the subsequent case. This contention lacks merit.
 
 
 8
 A defendant must clearly demonstrate acceptance of responsibility to receive a reduction under Sec. 3E1.1. See U.S.S.G. Sec. 3E1.1(a). Conduct resulting in an enhancement under Sec. 3C1.1, obstruction of justice, ordinarily indicates that a defendant has not accepted responsibility except in "extraordinary" cases. U.S.S.G. Sec. 3E1.1, comment. (n. 4). Here, the record does not support Yiaadey's claim that the same information was provided in both cases. Moreover, Yiaadey's correction of false information in a subsequent case is not extraordinary. See id. Thus, the district court's denial of a reduction for acceptance of responsibility was not clear error. See United States v. Gonzalez, 897 F.2d 1018, 1019 (9th Cir.1990).
 
 
 9
 Finally, Yiaadey contends that district court erred by ruling that the government had established by a preponderance of the evidence that the amount of loss was $35,997. This contention lacks merit. The Guidelines provide for a six-level upward adjustment if the loss exceeded $20,000. See U.S.S.G. Sec. 2B1.1(b)(1)(G). "The loss need not be determined with precision, and may be inferred from any reasonably reliable information." U.S.S.G. Sec. 2B1.1, comment. (n. 3). The district court may rely on the hearsay statements of the case agent and other persons. United States v. Sustaita, 1 F.3d 950, 952 (9th Cir.1993). Factual determinations must be proved by a preponderance of the evidence. United States v. Restrepo, 946 F.2d 654, 661 (9th Cir.1991) (en banc), cert. denied, 112 S.Ct. 1564 (1992).
 
 
 10
 Yiaadey's loss calculations were based on information provided to the probation officer by the investigating officer, the true cardholders, and/or the financial institutions. These parties were reliable sources of information regarding the amount of the losses. See U.S.S.G. Sec. 2B1.1, comment. (n. 3). The district court properly found that their calculations of the losses satisfied the government's burden of proof. See Restrepo, 946 F.2d at 661. Accordingly, the district court did not clearly err by ruling that Yiaadey's amount of loss was $35,997. See United States v. Pemberton, 904 F.2d 515, 516 (9th Cir.1990).
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In the subsequent case No. CR 93-790(A)-JMI, Yiaadey did not receive an adjustment for obstruction of justice and received an reduction for acceptance of responsibility
 
 
 [2]
 Yiaadey's assertion that he provided the same information to the probation officers in a subsequent case and did not receive an obstruction of justice adjustment is not supported by the record. Thus, the fact that Yiaadey did not receive an adjustment for obstruction of justice in the subsequent case is irrelevant