81 F.3d 171
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Arturo Tapia GARCIA, Defendant-Appellant.
 No. 94-50586.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 27, 1996.*
Decided March 28, 1996.
 
 Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges.
 MEMORANDUM**
 Arturo Tapia Garcia appeals his 30-month sentence following his guilty plea to the charge of aiding and abetting a licensed firearm dealer's failure to keep records, in violation of 18 U.S.C. § 922(b)(5). Garcia contends that the district court erred by upwardly adjusting his offense level two points for obstructing justice. We have jurisdiction under 28 U.S.C. § 1291, and review whether Garcia obstructed justice for clear error. United States v. Karterman, 60 F.3d 576, 584 (9th Cir.1995). The district court's evaluation of reliability is reviewed for an abuse of discretion. United States v. Petty, 982 F.2d 1365, 1369 (9th Cir.1993), amended, 992 F.2d 1015, cert. denied, 114 S.Ct. 683 (1994). Credibility findings are entitled to deference on appeal. United States v. Mejia, 69 F.3d 309, 315 (9th Cir.1995). We affirm.
 Garcia contends that the district court improperly relied on unreliable and uncorroborated hearsay in increasing his offense level for obstruction of justice pursuant to U.S.S.G. § 3C1.1. We disagree.
 
 
 1
 U.S.S.G. § 3C1.1 states that "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels." U.S.S.G. § 6A1.3(a) states that "[i]n resolving any reasonable dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." The court must also ensure that the parties have an adequate opportunity to present information regarding the disputed factor. Id. "While hearsay statements may be considered at sentencing, due process requires that such statements be corroborated by extrinsic evidence." United States v. Ponce, 51 F.3d 820, 828 (9th Cir.1995) (per curiam). A defendant's due process rights are violated when a court relies upon materially false or unreliable information at sentencing. United States v. Hanna, 49 F.3d 572, 577 (9th Cir.1995). Fed.R.Crim.Proc. 32(c)(3)(D) safeguards a defendant from this hazard by requiring the district court to make findings of fact concerning any disputed matter which it proposes to rely in sentencing. United States v. Sustaita, 1 F.3d 950, 952 (9th Cir.1993).
 
 
 2
 At the sentencing hearing, co-conspirator Jesse Walker testified that prior to testifying against Garcia, another inmate, Raphael, relayed a message from Garcia that Walker should "watch out, be careful, don't turn [your] back because [you are] being set up, and don't tell what [you] know." Additionally, Walker produced a handwritten note found in his jail cell which read "Sr Walker, testifie (sic) and you and wife Mexico die." Walker further testified that he and his cellmate heard a threatening message directed at Walker through the vent of their jail cell, although Walker could not determine its source. After Walker informed his attorney about these threats, Walker was interviewed by Agent Goerke. Agent Goerke's testimony at the sentencing hearing as to what Walker told him was consistent with Walker's testimony at the sentencing hearing.
 
 
 3
 Nothing in the record suggests that Walker's hearsay testimony was unreliable. The district court gave Garcia an opportunity to cross-examine Walker and to testify himself that he never threatened Walker. The district court found Walker's testimony to be more credible than Garcia's. This finding is entitled to deference on appeal. See Mejia, 69 F.3d at 315. The handwritten note provided the district court with reliable extrinsic evidence to corroborate Walker's hearsay statement. See Ponce, 51 F.3d at 820; Hanna, 49 F.3d at 577. Accordingly, the district court did not err by enhancing Garcia's offense level for obstruction of justice. See Gardner, 988 F.2d at 83; Petty, 982 F.2d at 1369.
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Additionally, all remaining motions are denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3