112 F.3d 518
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marcie Marie HULETT, Defendant-Appellant.
 No. 96-50229.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 28, 1997.
 
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marcie Marie Hulett appeals her sentence, imposed after a jury convicted her of twelve counts of misapplication of funds from a savings and loan, in violation of 18 U.S.C. § 657, and one count of subscribing to a false income tax return, in violation of 26 U.S.C. § 7206. We have jurisdiction under 28 U.S.C. § 1291, and we affirm, and remand.
 
 
 3
 Hulett contends that the district court erred by declining to hold an evidentiary hearing on the issue of the amount of loss under U.S.S.G. § 2B1.1(b)(1)(N). This contention lacks merit.
 
 
 4
 We review for an abuse of discretion a district court's refusal to hold an evidentiary hearing to resolve matters disputed in a presentence report, see United States v. Harrison-Philpot, 978 F.2d 1520, 1525 (9th Cir.1992), and for clear error the district court's factual findings, see United States v. Robinson, 94 F.3d 1325, 1327 (9th Cir.1996).
 
 
 5
 The 1988 Sentencing Guidelines provide for an eleven-level upward adjustment if the loss exceeds $800,000. See U.S.S.G. § 2B1.1(b)(1)(N). The loss need not be determined with precision, and may be inferred from any reasonably reliable information. See U.S.S.G. § 2B1.1, comment. (n. 3). The district court may rely on hearsay statements of the case agent and other persons as long as they are not materially unreliable. See United States v. Sustaita, 1 F.3d 950, 952 (9th Cir.1993). Factual determinations regarding uncharged conduct used as a sentencing factor must be proved by a preponderance of the evidence. See United States v. Restrepo, 946 F.2d 654, 661 (9th Cir.1991) (en banc).
 
 
 6
 Here, the district court, in calculating the amount of loss, considered both the misappropriations of which Hulett was convicted and other uncharged relevant conduct. The district court relied on information provided by the case agent and the financial institution, and the amount of loss to which Hulett herself stipulated in a civil case involving the same conduct. These were reliable sources of information regarding the amount of the losses. See Sustaita, 1 F.3d at 952. In addition, the district court relied on the testimony given at trial, which established the same modus operandi for both the convicted counts and the relevant conduct. Because the district court properly found that the calculations of the losses satisfied the government's burden of proof, see Restrepo, 946 F.2d at 661, the district court did not abuse its discretion in declining to hold an evidentiary hearing on the amount of loss, see Harrison-Philpot, 978 F.2d at 1525.
 
 
 7
 Because the district court did not append its findings to the Presentence Report, we affirm, but remand for this limited purpose. See id. ("[W]henever a defendant alleges factual inaccuracies in the presentence report, the district court must either append to the presentence report a finding as to the allegation or not take the matter into consideration for sentencing purposes."); Fed.R.Crim.P. 32(c)(3)(D). Accordingly, Hulett's sentence is
 
 
 8
 AFFIRMED, and the case REMANDED to district court pursuant to Fed.R.Crim.P. 32(c)(3)(D).
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3