113 F.3d 1243
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph INGRAM, Defendant-Appellant.
 No. 96-30244.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1997.*
Decided May 12, 1997.
 
 Before: BOOCHEVER, BRUNETTI, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joseph Ingram appeals from his eighteen-month sentence following a jury conviction of seven counts of mail fraud. We affirm.
 
 I. Rule 32 Violation
 
 3
 Ingram argues that the district court violated Fed.R.Crim.P. 32(c)(3)(A) when it failed to ascertain whether he and his counsel had read and discussed the presentence report. Rule 32(c)(3)(A) requires that before imposing sentence the district court must "verify that the defendant and defendant's counsel have read and discussed the presentence report." We review the failure to observe this aspect of Rule 32 for harmless error. United States v. Sustaita, 1 F.3d 950, 954 (9th Cir.1993), cert. denied, 115 S.Ct. 1414 (1995).
 
 
 4
 Ingram does not allege that he did not actually read the report and discuss it with counsel, nor does he allege any prejudice in the event he did not read or discuss the report. Our own review of the record has found no possibility of prejudice. We therefore hold that the technical violation of Rule 32 was harmless error. United States v. Davila-Escovedo, 36 F.3d 840, 844 (9th Cir.1994) (where appellant fails to allege that he did not read the report, does not allege prejudice and court's review of the record shows none, sentencing judge's failure to follow Rule 32 was harmless error), cert. denied, 115 S.Ct. 953 (1995).
 
 II. Upward Adjustment for Perjury
 
 5
 The district court adjusted Ingram's offense level up two points for obstruction of justice. Citing United States v. Dunnigan, 507 U.S. 87, 90 (1993), Ingram contends that the court failed to make sufficiently detailed findings that he committed perjury at trial.
 
 
 6
 We hold that the district court satisfied Dunnigan 's requirement that the court find that Ingram gave "(1) false testimony, (2) on a material matter, (3) with willful intent." United States v. Ancheta, 38 F.3d 1114, 1118 (9th Cir.1994) (citing Dunnigan ). The court referred to Ingram's "willful obstruction of justice, based on my finding that in the defendant's testimony at trial that he did not tell the truth" (emphasis added). [SER p. 24] When the prosecutor mentioned the need for specific findings, the district court agreed that Ingram's false testimony was material and concluded that Ingram "perjured" himself with respect to two of the counts against him. [ER p. 26] These findings "encompass[ ] all of the factual predicates for a finding of perjury," Dunnigan, 507 U.S. at 95, and are sufficient to support the upward adjustment.
 
 
 7
 Ingram's remaining argument is that the district court did not specifically indicate that it "evaluated [the evidence] in a light most favorable to the defendant." U.S.S.G. § 3C1.1, Application Note 3(b). We have held that this note "simply instructs the sentencing judge to resolve in favor of the defendant those conflicts about which the judge, after weighing the evidence, has no firm conviction." United States v. Barbosa, 906 F.2d 1366, 1370 (9th Cir.1990) (citation omitted). Ingram does not identify any such conflicts in his case, and our review of the record shows none.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3