141 F.3d 1180
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Gary CHERN, aka Igor Chernyak Defendant-Appellant.
United States of America, Plaintiff-Appellee,
v.
Egidiyus KLIMAS, Defendant-Appellant.
 No. 97-30098, 97-30127.
D.C. No. CR-96-507-BJR.
 United States Court of Appeals,
Ninth Circuit.
 .
Argued and Submitted Feb. 5, 1998.
Decided Mar. 19, 1998.
 
 1
 Appeal from the United States District Court for the Western District of Washington Barbara J. Rothstein, District Judge, Presiding.
 
 
 2
 Before BROWNING and O'SCANNLAIN, Circuit Judges, and MARQUEZ**.
 
 
 3
 MEMORANDUM*
 
 
 4
 The government charged Appellants Chern and Klimas in a five-count indictment, but they were convicted on only Count One (Conspiracy in violation of 18 U.S.C. § 371) and Count Four (Collection of Extension of Credit by Extortionate Means in violation of 18 U.S.C. § 894). The jury found them not guilty on Count Two (Hostage Taking in violation of 18 U.S.C. § 1203), Count Three (Communications Containing Demands for Ransom in violation of 18 U.S.C. § 875(a), (b)), and Count Five (Use and Carrying of a Firearm in violation of 18 U.S.C. § 924(c)). The trial court sentenced Chern and Klimas to 57 months in custody, to be followed by supervised release for five years. Chern and Klimas appeal their convictions and sentences.
 
 
 5
 This Court has read the complete trial and sentencing transcripts, which are extensive. For the sake of brevity, the Court presumes the details of the case to be well known and only mentions the facts within the contexts of the various evidentiary challenges raised on appeal.
 
 
 6
 A. Assaults on the victim's mother, Ekaterina
 
 
 7
 The Defendants argue that evidence of Chern and Klimas being seen with Rombakh in August, 1996, was inadmissible 404(b) "other bad acts" evidence because it linked Chern and Klimas to the assaults by Russian bandits on Ekaterina in Russia and was more prejudicial than probative. See Fed R. Evid. 404(b); Fed.R.Evid. 403.
 
 
 8
 The evidence was relevant to counterbalance the credibility attacks on Alexandre and rebut the defense that Alexandre had made up a story (a "legende") about being threatened by the Russian mafia to get asylum in the United States. The evidence supported Alexandre's testimony that Rombakh offered him a bribe to not testify against Chern and Klimas by explaining that Chern and Klimas met with Rombakh. It provided a time frame for Alexandre's testimony that there was ongoing mafia intimidation right up to the trial. Prejudice, if any, from linking Chern and Klimas, via Rombakh, to the Russian bandit assaults on Ekaterina, was minimal and was cured by the trial court's limiting instruction.
 
 
 9
 B. Police officer's testimony that Alexi was truthful
 
 
 10
 Within a few hours of his release, Alexi reported his abduction by Chern and Klimas to Police Officer Gelcick. She testified that Alexi's demeanor was "very truthful." Defense counsel objected, stopping in mid-sentence the erroneous testimony, and the Court gave a corrective instruction. On cross-examination, Officer Gelcick readily admitted that she did not know if what Alexi reported, did or didn't happen. She clarified that what she testified to were her impressions.
 
 
 11
 The Federal Rules of Evidence allow lay opinion testimony if the opinion is "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." See Fed.R.Evid. 701. Officer Gelcick's testimony was based on her perception of Alexi's demeanor during her interview with him which lasted several hours. It was helpful to determine whether or not he had actually been kidnaped. There was minimal, if any, prejudicial effect from the testimony that he was truthful because the court made it immediately clear to the jury that the witness had blundered by offering the opinion. The cross-examination and the Government's redirect corrected any remaining prejudice.
 
 C. Juror Misconduct
 
 12
 Two days after the verdict, the presiding juror called defense counsel and reported that during deliberation certain discussions led him to believe that two jurors, Jewell and Felt, may have failed to disclose material information in response to voir dire questions. Chern and Klimas claim they are entitled to a new trial because of juror misconduct, or alternatively, to a hearing to investigate the extent of the alleged misconduct.
 
 
 13
 In response to allegations of juror misconduct or bias, the trial court generally conducts a hearing to determine what transpired, its impact on the jurors, and whether it was prejudicial. See United States v. Angulo, 4 F.3d 843, 847 (9th Cir.1993). Not every allegation of juror misconduct requires an evidentiary hearing, but it is preferred. See Hard v. Burlington Northern R.R. (Hard I), 812 F.2d 482, 485 (9th Cir.1987). A court decides whether a hearing must be held by considering the content of the allegations, the seriousness of the alleged misconduct or bias, and the credibility of the source. See Angulo, 4 F.3d at 847; Hard I, 812 F.2d at 485.
 
 
 14
 Assuming the presiding juror was a credible source, the remaining factors determine that an evidentiary hearing was unnecessary. The alleged misconduct involved two voir dire questions: 1) "Have any of you again, family member, relative, been the victim of a violent crime?" (Trial Record (RT) at 23-24), and 2) "Do you or anyone close to you have a drug problem, or been engaged in a drug treatment program?" (Supplemental Excerpt of Record (SER) at 5-6.) The trial court rephrased the question during the voir dire and asked, "Does anyone have a drug problem, either needing drug treatment or any kind of drug treatment?" (SER at 24-25.)
 
 
 15
 There is no duty to respond to questions not asked. See Hard v. Burlington Northern R.R. (Hard II), 870 F.2d 1454, 1460 (9th Cir.1989); United States v. Kerr, 778 F.2d 690, 694 (11th Cir.1985). If counsel wanted to know about domestic violence or parental abduction or kidnaping, defense counsel should have asked. When the trial court misstated the drug question, limiting it to "drug problems needing treatment," defense counsel posed no clarifying questions. If counsel wanted to know generally about drug or gang involvement, they should have asked.
 
 
 16
 E. Federal Rule of Criminal Procedure 32(c)(3)(A)
 
 
 17
 The record does not indicate that the district court judge asked Chern and Klimas whether they had read or discussed the presentence report with counsel prior to sentencing. Consequently, the district court erred under Fed.R.Crim.P. 32(c)(3)(A). The Court reviews the failure to comply with this provision of Rule 32 for harmless error. See United States v. Sustaita, 1 F.3d 950, 954 (9th Cir.1993), cert. denied, 514 U.S. 1042, 115 S.Ct. 1414, 131 L.Ed.2d 299 (1995).
 
 
 18
 A defendant must identify specific factual objections before prejudice will be found. Id. In the Ninth Circuit, if the appellant fails to affirmatively allege he did not read the report and makes no claim of prejudice, and the record reflects no prejudice, the sentencing judge's failure to observe Rule 32(a)(1)(A) is harmless error. See United States v. Davila-Escovedo, 36 F.3d 840, 844 (9th Cir.1994), cert. denied, 513 U.S. 1135, 115 S.Ct. 953, 130 L.Ed.2d 896 (1995). Neither Chern nor Klimas allege that they did not actually read the presentence report and discuss it with counsel, nor do they identify any facts in the reports that they were prevented from disputing. The record reflects no prejudice, and the error was harmless.
 
 F. Cumulative Error
 
 19
 The errors committed by the trial court were marginal and do not, even cumulatively, warrant reversal.
 
 
 20
 AFFIRMED.
 
 
 
 **
 The Honorable Alfredo C. Marquez, United States District Judge for the District of Arizona, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3