IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50810
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS ANTONIO SARABIA-VILLANTA,
also known as David Sepeda-Hernandez,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. DR-99-CR-121-1
- - - - - - - - - -
October 3, 2000

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges.

PER CURIAM:*

Carlos Antonio Sarabia-Villanta appeals his conviction and sentence for illegal presence after being deported. *See* 8 U.S.C. § 1326. He argues that during sentencing the district court failed to verify whether he and counsel had read and discussed the presentence report. He further argues that, as an issue of first impression, this court should not apply the harmless error standard to the district court's omission. Rather, he argues that the case should be remanded for resentencing regardless of

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

whether the omission resulted in prejudice.  In the alternative, Sarabia argues that the district court's omission prejudiced his defense because he was unaware of the factors relied on in sentencing and was unable to challenge the reliability or relevance of those factors.

The district court's failure to comply with Fed. R. Crim. P. 32(c)(3)(A) is harmless.  *See* Fed. R. Crim. P. 52(a); *United States v. Sustaita*, 1 F.3d 950, 954 (9th Cir. 1993); *cf. United States v. Vasquez*, 216 F.3d 456, 458-59 (5th Cir. 2000)(holding that unobjected Rule 32(c)(3)(B) errors are reviewed for plain error).  Sarabia does not demonstrate that the district court's omission affected the outcome of the proceeding.  *See United States v. Munoz*, 150 F.3d 401, 412-13 (5th Cir. 1998).  Accordingly, the district court's judgment is AFFIRMED.

Sarabia also requests permission to file a supplemental brief in light of the Supreme Court's decision in *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000).  This motion is DENIED.

AFFIRMED; MOTION DENIED.