**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Onecimo DURAN–MERCADO,
Defendant—Appellant.**

No. 02–30378.

D.C. No. CR–01–05558–JET.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 10, 2003.

---

* This panel unanimously finds this case suit-

able for decision without oral argument. See

Douglas J. Hill, DEA/TNET Task Force, Tacoma, WA, for Plaintiff–Appellee.

Kenneth W. Sharaga, Seattle, WA, for Defendant–Appellant.

Before GOODWIN, WALLACE, and MCKEOWN, Circuit Judges.

## MEMORANDUM**

Onecimo Duran–Mercado appeals his 168–month sentence following a guilty plea to distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), (b)(1)(C). We have jurisdiction over this final judgment and sentence pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and vacate the sentence and remand for resentencing.

■ Duran–Mercado contends that the district court erred in not ensuring that he had read his presentence report before sentencing pursuant to Fed.R.Crim.P. 32 ("Rule 32").

The version of Rule 32 under which Duran–Mercado was sentenced states that before imposing a sentence, a district court must "verify that the defendant and defendant's counsel have read and discussed the presentence report," and give them "a reasonable opportunity to comment on that information." Fed.R.Crim.P. 32(c)(3)(A) (2002) (current version at Fed.R.Crim.P. 32(i)(1)(A)).

We have previously held that under Rule 32, the court has an affirmative duty to ensure that the defendant and his counsel have read and discussed the presentence report before sentencing. *United States v. Lewis*, 880 F.2d 243, 245 (9th Cir.1989). To satisfy this duty, the court need only "reasonably [rely] on evidence indicating that the defendant has read the presentence report and discussed it with counsel." *Id.* at 246.

Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The court employs a harmless error analysis in reviewing a claim that the district court did not ensure that a defendant read his or her presentence report. *United States v. Davila–Escovedo*, 36 F.3d 840, 844 (9th Cir.1994). A sentencing judge's failure to ascertain whether a defendant read and discussed with counsel the presentence report "may be excused 'if it is clear that no prejudice resulted.' " *Id.* (quoting *United States v. Sustaita*, 1 F.3d 950, 954 (9th Cir.1993)).

In *Sustaita,* we vacated and remanded the defendant's sentence after determining that the district court's failure to ensure that the defendant had read the presentence report was not harmless error. 1 F.3d at 954. It was unclear whether the district court's error prejudiced the defendant, according to the court, because she might have contested the presentence report's factual findings as to the quantity of heroin involved in the offense had she read the report. *Id.* at 954.

Here, the district court never inquired whether Duran–Mercado had read the presentence report or whether it was translated to him. There is no evidence in the record upon which the district court could reasonably have relied indicating that Duran–Mercado had read the presentence report since Duran–Mercado, when he addressed the district court, never mentioned the report or its contents.

Moreover, it is not clear that this error was harmless. Duran–Mercado pled guilty to the second charge in the indictment for distribution of methamphetamine occurring on May 29, 2001. On that date, Duran–Mercado had delivered to an undercover agent approximately one pound of gross methamphetamine, which yielded 123.9 grams of actual methamphetamine, thus setting Duran–Mercado's base offense level at 32. The presentence report, however, relied on an unsigned plea agreement that stated that the parties stipulated that the offense involved 908.6 grams of actual methamphetamine to establish the base offense level of 36. As the government acknowledged, Duran–Mercado specifically withdrew from the stipulation in the plea agreement that he was responsible for 908.6 grams of actual methamphetamine and from the agreement as a whole prior to sentencing.

Aside from the presentence report, there were no statements made at the revision of plea hearing or sentencing hearing that would have apprised Duran–Mercado of the fact that he was being held responsible for 908.6 grams of actual methamphetamine. In fact, at the revision of plea hearing, Duran–Mercado was told that had he gone to trial, the government would have had to prove as an element of the offense that the offense involved at least 50 grams of methamphetamine, not 908.6 grams. Had he read the presentence report, Duran–Mercado might have contested its factual finding that the offense he pled guilty to involved 908.6 grams of pure methamphetamine. *See Sustaita,* 1 F.3d at 954.

Therefore, we must vacate Duran–Mercado's sentence and remand for resentencing. We need not address Duran–Mercado's other alleged sentencing errors. *See id.* at 953 n. 1 (stating that because the court found a violation of Rule 32 and was remanding for resentencing, it did not have to address the appellant's other alleged sentencing errors).

Duran–Mercado further requests that on remand his case be reassigned to another judge. Because there is no indication that the sentencing judge was biased or that he would be unable to put previously expressed views out of his mind on resentencing, we deny Duran–Mercado's request for reassignment of his case to a

different judge. *See Hunt v. Pliler,* 336 F.3d 839, 848 (9th Cir.2003)

**VACATED and REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.