**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Rigoberto ARELLANO–PERALTA,**
**Defendant—Appellant.**

**No. 05–50614.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 18, 2006.*

Filed Aug. 29, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Becky S. Walker, Esq., Robert McGahan, AUSA, Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Davina T. Chen, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: KOZINSKI, O'SCANNLAIN and BYBEE, Circuit Judges.

## MEMORANDUM **

**1.** Under *United States v. Dominguez Benitez*, 542 U.S. 74, 83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004), "a defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district

** This disposition is not appropriate for publication and may not be cited to or by the

court committed plain error under Rule 11 of the Federal Rules of Criminal Procedure, must show a reasonable probability that, but for the error, he would not have entered the plea." Defendant here has made no effort to show how the Rule 11 errors he alleges caused him to accept a plea agreement he otherwise would have rejected.

**2.** To show that defendant was prejudiced by the district court's failure to confirm that he and his attorney read and discussed the presentence report, he must show that, but for this omission, he would have uncovered factual inaccuracies he could have challenged at sentencing. *See United States v. Sustaita,* 1 F.3d 950, 954 (9th Cir.1993). But defendant's only challenge to the findings in the PSR is a claim that his prior convictions were the result of police corruption, and "collateral attacks on prior state convictions are not permitted in federal sentencing proceedings unless the defendant asserts a total denial of his right to counsel in the previous proceeding." *United States v. Saya,* 247 F.3d 929, 940 (9th Cir.2001).

**3.** For the same reason, we find that the district judge committed no error under Federal Rule of Criminal Procedure 32(i)(3)(B). The only factual issue defendant asserts that the district judge failed to resolve was the validity of his past convictions, which cannot be collaterally attacked in a sentencing proceeding.

**4.** The district judge gave adequate consideration to "the history and characteristics of the defendant," as required by 18 U.S.C. section 3553(a)(1). The judge stated that he considered "the circumstances of the offense and the history of the circumstances of the defendant." We find nothing in the record to contradict that assertion, and our caselaw does not

courts of this circuit except as provided by 9th Circuit Rule 36–3.

require a sentencing judge to fully explain his consideration of each section 3553(a) factor on the record. *See United States v. Huerta–Pimental,* 445 F.3d 1220, 1224 (9th Cir.2006).

 **5.** Finally, under *Almendarez–Torres v. United States,* 523 U.S. 224, 247, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and the "prior conviction" exception to *Apprendi v. New Jersey,* 530 U.S. 466, 489–90, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), defendant had no right to have the fact of his prior convictions found by a jury. Both cases remain good law. *See United States v. Rodriguez–Lara,* 421 F.3d 932, 949–50 (9th Cir.2005).

**AFFIRMED.**