**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10296 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00436-ROS-1 |
| v. | |
| MARIO RAMIREZ-MARTINEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Argued and Submitted July 12, 2010
San Francisco, California

Before: HUG and M. SMITH, Circuit Judges, and HOGAN, Senior District Judge.[**]

Mario Ramirez-Martinez appeals the district court's refusal to grant him

relief from a mandatory ten-year minimum sentence under 18 U.S.C. § 3553(f), the

so-called safety valve. Ramirez-Martinez pled guilty to conspiracy to possess

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Thomas F. Hogan, Senior United States District Judge for the District of Columbia, sitting by designation.

methamphetamine with intent to distribute and possession of methamphetamine with intent to distribute. At sentencing the district court found that Ramirez-Martinez had not truthfully provided the government all the information and evidence that he had concerning the offenses. Ramirez-Martinez now argues that the district court did not make sufficient findings and that the district court's denial of relief under the safety valve was error.

I.

Review of the district court's denial of safety valve relief is deferential, and this court accepts the district court's factual findings unless this court is "left with a definite and firm conviction that a mistake has been made." *United States v. Alba-Flores*, 577 F.3d 1104, 1107 (9th Cir. 2009) (internal quotation marks omitted). In order to establish entitlement to relief under the safety valve, a defendant must "show by a preponderance of the evidence that he meets all five conditions set forth in 18 U.S.C. § 3553(f)." *Id.*

II.

The district court set forth sufficient findings to comply with Federal Rule of Criminal Procedure 32. A district court "may not adopt conclusory statements unsupported by facts or the guidelines" and "Rule 32 findings must be express or explicit." *United States v. Ingham*, 486 F.3d 1068, 1074 (9th Cir. 2007) (internal

quotation marks omitted). Nevertheless, the findings "need not be detailed and lengthy"; rather, "they need only state the court's resolution of the disputed issues." *Id.* (internal quotation marks omitted).

In denying Ramirez-Martinez relief under 18 U.S.C. § 3553(f), the district court stated only that "there isn't sufficient evidence to establish the safety valve." Although this statement standing alone would likely fail to meet the requirements of Rule 32, the district court rectified any error when it listed its reasons for granting a variance under 18 U.S.C. § 3553. *See United States v. Sustaita*, 1 F.3d 950, 953-54 (9th Cir. 1993) (applying harmless error analysis to district court's failure to comply with Rule 32). At that point in the proceedings the court indicated it disbelieved Ramirez-Martinez's account that he had never been involved in a drug transaction before the date of his arrest. In particular, the court noted that "it doesn't make any sense that Mr. Favela would allow Mr. Martinez into the house, particularly because he had weapons, he had drugs, he had money in that house." These findings are sufficient to resolve the disputed issues at the sentencing hearing. *See Ingham*, 486 F.3d at 1074.

III.

The district court also did not err in concluding that Ramirez-Martinez failed to prove that he "truthfully provided to the Government all information and

evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(5). It stretches credulity that Nava-Calderon would have enlisted a virtual stranger to help him count money in a high stakes drug transaction. Ramirez-Martinez's account is also suspect given that he was permitted to enter Favela's home even though it was, as Moran testified, a "stash" house that neither Moran nor the informant had previously been allowed to enter. In sum, this court is not "left with a definite and firm conviction that a mistake has been made." *See Alba-Flores*, 577 F.3d at 1107.

**AFFIRMED.**